**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CALVIN GRIFFIN,**

         **Petitioner,**

         **v.**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

         **Respondent.**

         **CASE NO. 2:14-CV-00857
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers**

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition,* Respondent's *Return of Writ,* Petitioner's *Reply,* and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus conditionally be **GRANTED** on Petitioner's claim that he was denied his right to counsel and that Petitioner be released subject to a re-trial within ninety (90) days.  The Magistrate Judge further **RECOMMENDS** that the remainder of Petitioner's claims be **DISMISSED**.

Petitioner's request for an evidentiary hearing is **DENIED**.

**Facts and Procedural History**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On November 9, 2011, Columbus police officers conducted a traffic stop of a vehicle in which appellant was the driver and sole occupant. Appellant was placed under arrest for failure to possess a valid driver's license, and the vehicle he was driving, which was registered in someone else's name, was impounded.  An inventory search of the vehicle led to the discovery of a loaded 9 mm handgun and 24.19 grams of cocaine.

1

On January 30, 2012, appellant was indicted on one count of carrying a concealed weapon, in violation of R.C. 2923.12, one count of improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16, one count of possession of cocaine, in violation of R.C. 2925.11, and one count of having a weapon while under disability, in violation of R.C. 2923.13.

The case came for trial before a jury beginning July 23, 2012. Following the presentation of evidence, the jury returned verdicts finding appellant guilty of the counts charging him with carrying a concealed weapon, improper handling of a firearm in a motor vehicle, and possession of cocaine. The trial court separately found appellant guilty of Count 4 (having a weapon while under disability), and the court sentenced appellant by entry filed August 10, 2012.

On appeal, appellant sets forth the following two assignments of error for this court's review:

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY REFUSING TO ALLOW APPELLANT TO OBTAIN NEW COUNSEL WHEN REQUESTED IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHTS.

ASSIGNMENT OF ERROR II

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS THE EVIDENCE ON HIS BEHALF.

*State v. Griffin*, No. 12AP-798, 2013 WL 6506888, at *1 (Ohio App. 10th Dist. Dec. 10, 2013).

On April 23, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Griffin*, 138 Ohio St.3d 1470. Thereafter, Petitioner timely filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the trial court improperly refused to appoint new counsel (claim one); that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress evidence (claim two); and that he was

denied a fair trial (claim three).  It is the position of the Respondent that Petitioner's claims lack merit or are procedurally defaulted.

## Merits

### Standard of Review

Petitioner seeks habeas relief under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth standards governing this Court's review of state-court determinations. The United State Supreme Court recently described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, ––– U.S. ––––, ––––, 134 S.Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt." (internal quotation marks, citations, and footnote omitted)).

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. § 2254(e) (1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

"Under AEDPA, a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts."  *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013)

(citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)); 28 U.S.C. § 2254(d)(1) (a petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law"); 28 U.S.C. § 2254(d)(2) (a petitioner must show that the state court relied on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). The United States Court of Appeals for the Sixth Circuit recently explained these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Coley,* 706 F.3d at 748–49. The burden of satisfying the standards set forth in § 2254 rests with the petitioner. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

"In order for a federal court to find a state court's application of [Supreme Court precedent] unreasonable, . . . [t]he state court's application must have been objectively unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith,* 539 U.S. 510, 520–21, (2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)); *see also Harrington v. Richter*, 562 U.S. at 101 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as " 'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In considering a claim of "unreasonable

4

application" under § 2254(d)(1), courts must focus on the reasonableness of the result, not on the

reasonableness of the state court's analysis.  *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009)

(" '[O]ur focus on the 'unreasonable application' test under Section 2254(d) should be on the

ultimate legal conclusion that the state court reached and not whether the state court considered

and discussed every angle of the evidence.'" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th

Cir. 2002) (en banc))); *see also Nicely v. Mills*, 521 F. App'x 398, 403 (6th Cir. 2013)

(considering evidence in the state court record that was "not expressly considered by the state

court in its opinion" to evaluate the reasonableness of state court's decision). Relatedly, in

evaluating the reasonableness of a state court's ultimate legal conclusion under § 2254(d)(1), a

court must review the state court's decision based solely on the record that was before it at the

time it rendered its decision. *Pinholster*, 563 U.S. at 180.  Put simply, "review under §

2254(d)(1) focuses on what a state court knew and did." *Id*. at 1399.

### Claim One

In claim one, Petitioner asserts that he was denied his right to counsel of choice and that

the trial court improperly refused to conduct a hearing on his request for the appointment of new

counsel.  The state appellate court rejected Petitioner's claim as follows:

> [A]ppellant asserts the trial court erred in refusing his request to
> obtain new counsel. By way of background, on the morning of the
> first day of trial, prior to the jury being impaneled, defense counsel
> informed the trial court that she believed appellant no longer
> wanted her representation. Appellant cites the following portion of
> the trial transcript involving a colloquy between defense counsel,
> the trial court, and appellant:
>
> [DEFENSE COUNSEL]: And also, my client—I don't think he
> wants me to represent him, but—
>
> THE COURT: Mr. Griffin, do you want to put something on the
> record?

DEFENDANT GRIFFIN: Yes. I don't think she's working on my behalf, sir, so I do want somebody else on it that I feel is—if I'm going to put money on it, too, that they're going to be working on my behalf. And I don't see anything that she's doing for me. She's like lack of communication to me.

Since May 20th she said she was going to come see me, and to this date the first day I ever seen her. She didn't come down one time to see me, so I've got to get somebody on my case that's going to work for me in my behalf and win this case. I don't think she's good enough for me.

Thank you.

THE COURT: Well, the answer is no.

(Tr. 4–5.)

Appellant asserts the trial court failed to address his concerns, arbitrarily refusing his request for new counsel and proceeding with trial. Appellant argues that the trial court's action violated his right to counsel of choice under the Sixth Amendment.

In response, the state contends the record indicates that appellant, although initially able to retain private counsel, was in fact indigent. The state cites to appellant's "Ex Parte Motion for Investigative Fees," filed with the trial court on May 14, 2012, and the accompanying memorandum in support, in which appellant represented he was unable to hire an investigator because he was indigent. The state also notes that the trial court declared appellant indigent and provided him with appointed counsel for purposes of appeal.

In general, "[t]he right to counsel of one's choice is an essential element of the Sixth Amendment right to have the assistance of counsel for one's defense." *State v. Frazier*, 8th Dist. No. 97178, 2012–Ohio–1198, ¶ 26, citing *State v. Keenan*, 8th Dist. No. 89554, 2008–Ohio–807. This includes the right, when a defendant has the ability to retain his own attorney, to be represented by counsel of choice. *United States v. Gonzalez–Lopez*, 548 U.S. 140, 144 (2006). However, the right to retained counsel of choice "is not absolute, * * * and courts have 'wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.'" *Frazier* at ¶ 26, citing *Gonzalez–Lopez* at 152. In this respect, a trial court's "difficult responsibility of assembling witnesses, lawyers and jurors for trial 'counsels

6

against continuances except for compelling reasons.'" *State v. Howard*, 5th Dist. No.2012CA00061, 2013–Ohio–2884, ¶ 40, quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983). Accordingly, "decisions relating to the substitution of counsel are within the sound discretion of the trial court." *Frazier* at ¶ 26, citing *Wheat v. United States*, 486 U.S. 153, 159 (1988).

Further, "when the timing of a request for new counsel is an issue, a trial court may make a determination as to whether the appellant's request for new counsel was made in bad faith." Frazier at ¶ 27, citing *State v. Graves*, 9th Dist. No. 98CA007029 (Dec. 15, 1999). It has been held that "[a] motion for new counsel made on the day of trial 'intimates such motion is made in bad faith for the purposes of delay.'" *Id*., quoting *State v. Haberek*, 47 Ohio App.3d 35, 41 (8th Dist.1988).

The record on appeal in this case lends support to the state's contention that appellant was indigent at the time of trial. In his motion for investigative fees, filed several months before trial, it was represented by appellant that, although his "extended family * * * retained Attorney Wonnell * * * Mr. Griffin is indigent, and the family does not have money to retain an investigator." As noted by the state, at the time of trial appellant did not indicate he had been in contact with (or that he had secured) new retained counsel, nor did he request a continuance in order to hire a new attorney of his choosing. As also noted by the state, the trial court determined that appellant was indigent for purposes of appeal, appointing counsel to represent him. Upon review, the record does not indicate the trial court denied appellant the right to retained counsel of choice; rather, in responding to appellant's claimed dissatisfaction with trial counsel, the court in essence was addressing a request for new appointed counsel.

A defendant "bears the burden of demonstrating grounds for the appointment of new counsel." *State v. Erwin*, 10th Dist. No. 09AP–918, 2010–Ohio–3022, ¶ 8. Thus, "[i]f a 'defendant alleges facts which, if true, would require relief, the trial court must inquire into the defendant's complaint and make the inquiry part of the record.'" *Id*., quoting *State v. Smith*, 4th Dist. No. 98CA12 (Dec. 29, 1998). This inquiry "may be brief and minimal," but "must be made." *Id*. However, "'[e]ven that limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further.'" *Id*., quoting *Smith*.

In the instant case, appellant's dissatisfaction with his present counsel was stated in general terms. Specifically, appellant told the trial court: "I don't think she's working on my behalf * * * I don't see anything that she's doing for me." (Tr. 5 .) While trial courts have an obligation to make some inquiry into a defendant's dissatisfaction with counsel, reviewing courts require a defendant to raise concerns about counsel "with sufficient specificity to warrant further investigation." *State v. Washington*, 1st Dist. No. C–000754 (Aug. 17, 2001) ("A trial court, without more, does not abuse its discretion in finding that a general allegation of unhappiness with appointed counsel is so vague that it does not require additional investigation"); *State v. Hawkins*, 8th Dist. No. 91930, 2009–Ohio–4368, ¶ 54 (Defendant's statement to judge that "he felt like his lawyers were 'not going to fight for him to the fullest extent'" not sufficiently specific to trigger court's duty to inquire further).

Here, while the trial court did not conduct a lengthy inquiry, it nonetheless permitted appellant to address the court and explain why he was unhappy with his counsel. As noted, appellant's dissatisfaction with counsel was expressed in general terms. The record on appeal, however, does not reflect that trial counsel was unprepared to proceed with trial, nor does it suggest such a breakdown in the attorney-client relationship that appellant failed to receive adequate representation. In sum, appellant "did not establish a complete breakdown in communications with counsel or 'good cause' to substitute counsel." *State v. Williams*, 99 Ohio St.3d 439, 2003–Ohio–4164, ¶ 55. *See also State v. Coleman*, 2d Dist. No. 19862, 2004–Ohio–1305, ¶ 25, citing State v. Gordon, 149 Ohio App.3d 237, 241, 2002–Ohio–2761 (1st Dist.) ("mere hostility, tension and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense").

Moreover, appellant's complaint regarding his counsel was not made until the first day of trial, and therefore would have necessitated a continuance of trial. While not entirely clear, the record suggests this was the first time the trial court was made aware of any dissatisfaction by appellant with counsel. Under Ohio law, "the right to counsel must be balanced against the court's authority to control its docket, as well as its awareness that a 'demand for counsel may be utilized as a way to delay the proceedings or trifle with the court.'" *State v. Mizell*, 1st Dist. No. C–070750, 2008–Ohio–4907, ¶ 26, quoting State v. Crew, 8th Dist. No. 86943, 2006–Ohio–4102, ¶ 17. Upon review, the trial

> court did not abuse its discretion in refusing to delay appellant's trial based upon his untimely, generalized complaints regarding counsel. Accordingly, the first assignment of error is without merit and is overruled.

*State v. Griffin*, 2013 WL 6506888, at *1-4.

The Sixth Amendment right to effective assistance of counsel includes the "right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez–Lopez,* 548 U.S. 140, 144 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988); *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). "[A] denial of this Sixth Amendment right is a structural error not subject to harmless error analysis, but only when the denial is unjustifiable." *Dixon v. Warden, S. Oh. Corr. Facility*, 940 F.Supp. 2d 614, 625 (S.D. Ohio Feb.11, 2013) (citing *Gonzalez-Lopez*, 548 U.S. at 148). However, a criminal defendant's right to the attorney of his choice is "circumscribed in several important respects." *Gonzalez–Lopez*, 548 U.S. at 144 (quoting *Wheat v. United States*, 486 U.S. at 159). Significantly, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *Gonzalez–Lopez*, 548 U.S. at 151–52 (citations omitted).

In *Morris v. Slappy*, 461 U.S. 1 (1983), the Supreme Court held that Constitution does not guarantee a criminal defendant's right to a "meaningful attorney-client relationship." *Id*. at 13. Slappy's appointed attorney fell ill shortly before trial, and the trial court appointed new counsel on Slappy's behalf six days prior to the scheduled trial date. After the trial commenced, Slappy expressed dissatisfaction with his new attorney, and requested a continuance until his previously appointed counsel would be available to represent him. Defense counsel, however, indicated that he was ready to proceed, and the court denied Slappy's request. The Supreme Court rejected Slappy's claim that the trial court had unconstitutionally denied his request for a continuance:

> Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel. See *Chambers v. Maroney*, 399 U.S. 42, 53–54, 90 S.Ct. 1975, 1982–1983, 26 L.Ed.2d 419 (1970). Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964).

*Id*. at 11. The Supreme Court further noted that Slappy's belated requests may not have been made in good faith, but as a "transparent ploy for delay." *Id*. at 13.

The United States Court of Appeals for the Sixth Circuit has held that an indigent defendant "must show good cause, such as a 'conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney'" to substitute counsel during trial. *Henness v. Bagley*, 644 F.3d 308, 321 (6th Cir. 2011) (quoting *Sullivan,* 431 F.3d at 979–80). "A complete breakdown in communication occurs when there is a severe and pervasive conflict between the defendant and his attorney, or evidence of minimal contact with the attorney rendering meaningful communication impossible." *Smith v. Bonner*, 104 F.Supp.3d 1252, 1272 (D. Colo. 2015) (citing *United States v. Lott,* 310 F.3d 1231, 1249 (10th Cir. 2002)). The Court considers four factors when reviewing a trial court's denial of a motion to substitute counsel:

> (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice.

*United States v. Vasquez*, 560 F.3d 461, 466 (6th Cir. 2009) (quoting *United States v. Mach*, 258 F.3d 548, 556 (6th Cir. 2001)). "If the defendant's motion would 'necessitate a last-minute continuance, the trial judge's actions are entitled to extraordinary deference.'" *Henness*, 644 F.3d at 2011 (citing *Vasquez,* at 467). In *Henness*, the Sixth Circuit rejected Henness's claim that the trial court had unreasonably applied constitutional law in denying counsel's motion to withdraw, noting that the request did not occur until the guilt phase of the trial, the trial court inquired into the matter, and most of the difficulty resulted from Henness's own refusal to cooperate with counsel. *Id.* at 321-22.

In *United States v. Illes*, 906 F.2d 1122 (6th Cir. 1990),[1] the defendant claimed that he had been denied his Sixth Amendment right to counsel because the trial court failed to conduct an inquiry into his expressed dissatisfaction with appointed counsel. *Id.* at 130. The Sixth Circuit held as follows:

> It is hornbook law that "[w]hen an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant's dissatisfaction with his current counsel." LaFave and Israel, Criminal Procedure, § 11.4 at 36 (1984) (footnote omitted); see *also McMahon v. Fulcomer*, 821 F.2d 934, 942 (3rd Cir. 1987); *Thomas v. Wainwright*, 767 F.2d 738, 741 (11th Cir. 1985); *United States v. Welty*, 674 F.2d 185, 187 (3rd Cir. 1982); *McKee v.* Harris, 649 F.2d 927, 933–34 (2nd Cir. 1981); *United States v. Williams*, 594 F.2d 1258, 1260–61 (9th Cir. 1979) (per curiam); *Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir. 1970). The right to counsel of choice, unlike the right to counsel, however, is not absolute. An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate "good cause" to warrant substitution of counsel. *See, e.g., United States v. Gallop*, *1131 838 F.2d 105, 108 (4th Cir. 1988); *United States v. Allen*, 789 F.2d 90, 92 (1st Cir. 1986); *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973); *see also Nerison v. Solem*, 715 F.2d 415, 418 (8th Cir. 1983) (a defendant must show "justifiable

---

[1] *Illes* arose on direct appeal, and did not involve a § 2254 proceedings.

> dissatisfaction" with his appointed counsel to warrant substitution
> of counsel).

*Id*. at 1130 (footnotes omitted).  The Sixth Circuit rejected Iles' claim, however, because he had

failed to make his dissatisfaction with counsel known to the court.  *Id*. at 1131.

The Sixth Circuit again addressed the issue in *Benitez v. United States*, 521 F.3d 625 (6th

Cir. 2008).  Benitez filed a motion to vacate under 28 U.S.C. § 2255, claiming, *inter alia*, that he

had been denied his right to counsel of choice in violation of the Sixth Amendment because the

court failed to inquire into his expressed dissatisfaction with counsel.  *Id*. at 630-31.  The Sixth

Circuit held that where a criminal defendant alerts the court that he desires a substitution of

counsel, the "court is obligated to inquire into the defendant's complaint and determine whether

there is good cause for the substitution,"  balancing " 'the accused's right to counsel of his choice

and the public's interest in the prompt and efficient administration of justice.'"  *Id.* at 632

(quoting *Illes*, at 1131; *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996)).  "Appellate

courts reviewing the denial of such a motion 'generally consider the timeliness of the motion; the

adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between

the attorney and client was so great that it resulted in a total lack of communication preventing

an adequate defense.'"  *Id*. (quoting *Iles*, 906 F.2d at 1130 n.8).  The Sixth Circuit concluded that

the district court's failure to inquire into the source and nature of Benitez's dissatisfaction with

counsel violated his Sixth Amendment right to counsel.  *Id*. at 635-36.  Benitez, however, was

represented by privately retained counsel.  *Id*. at 631.  This case presents a different issue.

In this case, the trial judge conducted virtually no inquiry.  At the time of trial, Petitioner

had retained  his attorney.  On appeal, the Government offered a *post hac* rationale for the lack of

inquiry by pointing out that the Petitioner was in fact indigent and was therefore not entitled to

the attorney of his choice.  (See State's Brief to Court of Appeals, PAGEID # 162.)  The state

appellate court concluded that "the record does not indicate the trial court denied appellant the right to retained counsel of his choice; rather, in responding to [Petitioner's] claimed dissatisfaction with trial counsel, the court in essence was addressing a request for new appointed counsel." *State v. Griffin*, 2013 WL 6506888 at *3.[2]  As the court of appeals found, and the record bears out, Petitioner was indigent and any new attorney, in all likelihood, would have been appointed.

Under the terms of 28 U.S.C. § 2254(d)(1), this Court may only grant federal habeas corpus relief where the decision of the state appellate court contravened or unreasonably applied clearly established federal law of the United States Supreme Court.  The issue thus becomes whether the Supreme Court requires trial courts to inquire of indigent defendants before determining whether to grant or deny a request for new counsel.  Clearly established federal law refers to the holdings, as opposed to the *dicta*, of the Supreme Court's decisions as of the time of the relevant state court decision.  *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. at 412).  Other courts to address the issue have held that a trial court's failure to inquire into an indigent defendant's request for substitution of counsel does not warrant relief under 28 U.S.C. § 2254(d)(1) because the United States Supreme Court has not held that a trial court has the duty to make such inquiry.

> For the purposes of AEDPA . . .  the clearly established law does not indicate that the trial court had a duty to conduct a good cause inquiry before determining whether to grant or deny [a] request for new counsel. Indeed, the Supreme Court has held that the Sixth Amendment "guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to

---

[2] The Court notes that the record is not at all clear that the trial judge knew Petitioner was indigent at the time he denied the request by saying simply that "the answer is no."  Petitioner, in fact, that stated "*if I am going to put money on it*, too, that they're going to be working on my behalf."  This statement implies that Petitioner wanted to retain someone else.  The point is, these matters could have been addressed if trial court had simply inquired.

hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale*, 491 U.S. at 624, 109 S.Ct. 2646. Brooks, therefore, had a right to be represented by the counsel of his choice only if he could afford to hire that counsel, or if that counsel was willing to represent him regardless of his inability to pay. Here, Brooks made no mention of having retained or planning to retain counsel on his own. Instead, he requested that his court appointed lawyer be replaced. Given these facts, the new counsel Brooks sought would have been, in all likelihood, court appointed. To the extent that Brooks would invoke *Caplin* because his representation was inadequate, we are unpersuaded. Nothing before us suggests that Brooks's counsel did not represent him "adequately." *Id.*

*Brooks v. Lafler*, 454 F. App'x 449, unpublished, 2012 WL 10923, at *3 (6th Cir. Jan. 4, 2012) (declining to grant habeas relief on Petitioner's claim that the trial court violated his violated his Sixth Amendment right to counsel when it denied his request for new counsel without a sufficient inquiry into good cause); *see also Peterson v. Smith*, 510 F. App'x 356, unpublished, 2013 WL 49565, at *10 (6th Cir. 2013) (trial court's failure to conduct inquiry into defendant's request for substitution of counsel does not provide basis for relief under § 2254(d)(1), because no such inquiry is required by clearly established Supreme Court precedent) (citing *Brooks v. Lafler*, 454 F. App'x 449, 452 (6th Cir.2012) (*per curiam*); *James v. Brigano*, 470 F.3d 636, 643 (6th Cir. 2006) (reversing a grant of relief because the inquiry requirement did not constitute clearly established Federal law); *Smith v. Bonner,* 104 F.Supp.3d 1252, 1271 (D. Co. May 12, 2015) ("To date, the Supreme Court has not articulated a standard for deciding a Sixth Amendment claim based on a habeas petitioner's allegation the trial court denied his request for substitute counsel.") (citing *Peterson v. Smith*, 510 F. App'x 356, 2013 WL 49565, at *10 (6th Cir. Jan. 3, 2013)); *Cantoni v. Leclair*, No. 12 Civ 4353, 2015 WL 518226, at *2 (S.D. N.Y. Feb. 9, 2015) ("[D]efendants who rely on court-appointed counsel are entitled to effective counsel, but they 'do not have a veto over who is appointed to defend them, provided that appointed

counsel's representation is adequate.'") (citing *Felder v. Goord*, 564 F. Supp. 2d 201, 220 (S.D.N.Y. 2008); *Soltero v. Kuhlman*, No. 99CV10765, 2000 WL 1781657, at *3 (S.D. N.Y. Dec. 4, 2000) ("Absent a claim of ineffective assistance, the state court's decision to deny petitioner's motion to substitute counsel conflicts neither with any particular Supreme Court decision nor with any general principle of Supreme Court jurisprudence.").

> Courts that have considered the issue have concluded that "[u]nless [a defendant] can establish an ineffective assistance claim under *Strickland v. Washington* . . . any error in the [trial] court's disposition of [the defendant's] motion for appointment of substitute counsel is harmless." *United States v. Graham*, 91 F.3d 213, 217 (D.C.Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *see also, United States v. Calderon*, 127 F.2d 1314, 1343 (11th Cir. 1997); *United States v. Zillges*, 978 F.2d 369, 372–73 (7th Cir. 1992); *Bowie v. Renico*, No. 00–10013, 2002 WL 31749162, at *11 (E.D. Mich. Nov.6, 2002) (Lawson, J.); *Stephens v. Costello*, 55 F.Supp.2d 163, 172 (W.D.N.Y.1999). As the Supreme Court has explained, "those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale*, *Chartered v. United States*, 491 U.S. 617, 624 (1989).

*James v. Lafler*, No. 2:09-cv-10929, 2010 WL 3702629, at *16 (E.D. Mich. Aug. 3, 2010).

Here, the state appellate court found that Petitioner was indigent, and unable to retain his own attorney. The appellate court also found that the record did not indicate that counsel was unprepared or that Petitioner received inadequate representation. Petitioner has failed to rebut the presumption of correctness of these factual findings. 28 U.S.C. § 2254(e). While the Court finds it troubling that the trial court failed to further inquire into Petitioner's complaint that he had not communicated with his attorney prior to his first appearance in court, in view of the lack of authority from the Supreme Court mandating such inquiry upon an indigent's request for substitution of counsel, this Court's authority to grant relief is constrained under the dictates of 28 U.S.C. § 2254(d)(1).

Habeas relief also may be warranted under 28 U.S.C. § 2254(d)(2), however, where the state appellate court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Woods v. Allen*, 558 U.S. 290, 301 (2010) (citing *Williams v. Taylor*, 529 U.S. at 411).  "[E]ven if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'"  *Id.* (citing *Rice v. Collins*, 546 U.S. 333, 341-42 (2005)).

> Under what circumstances, then, can a habeas petitioner obtain relief under § 2254(d)(2)?  Federal courts have struggled with this question, especially in the context of the application of deference to mixed questions of law and fact.  Section 2254(d)(2), on the one hand, envisions federal review of a state court's "unreasonable determination of the facts."  On the other hand, § 2254(e) (1) dictates that "a determination of a factual issue made by a State court shall be presumed to be correct." The Supreme Court has declined to clarify the relationship between these two provisions, and it has "explicitly left open the question whether § 2254(e) (1) applies in every case presenting a challenge under § 2254(d)(2)." *Wood v. Allen*, 558 U.S. 290, 299, 130 S.Ct. 841, 175 L.Ed.2d 738 (2010); accord *Rice v. Collins*, 546 U.S. 333, 339, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006). Other circuits have also declined to resolve the issue. *See, e.g., Teti v. Bender*, 507 F.3d 50, 58 (1st Cir. 2007).

*McMullan v. Booker*, 761 F.3d 662, 670 (6th Cir. 2014) (declining to resolve the issue) (footnote omitted).[3]  "To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact and that the resulting state court decision was 'based on' that unreasonable

---

[3] In *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007), the Court "assumed that a petitioner satisfies § 2254(d)(2) by showing that a 'state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record.'" *McMullan*, 761 F.3d at 670 n.3.

determination." *Neal v. Wolfenbarger*, 57 F. Supp. 3d 804, 812 (E.D. Mich. 2014) (citing *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012)). "Where a state court decision is based upon an unreasonable determination of the facts under § 2254(d)(2), the Court's review of the underlying claim is then 'unencumbered by the deference the AEDPA normally requires.'" *Id.* (quoting *Rice*, 660 F.3d at 251 (quoting *Panetti v. Quarterman*, 551 U.S. 930, 948 (2007)).

> [Section] 2254(d)(2) requires that we accord the state trial court substantial deference. If "'[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'" *Ibid.* (quoting *Rice v. Collins*, 546 U.S. 333, 341–342, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006)). As we have also observed, however, "[e]ven in the context of federal habeas, deference does not imply abandonment or abdication of judicial review," and "does not by definition preclude relief." *Miller–El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

*Brumfield v. Cain,* -- U.S. --, --, 135 S.Ct. 2269. 2277 (2015).

Here, the record reflects that on the morning of the first day of trial, prior to the jury being impaneled, defense counsel informed the trial court that she believed that the petitioner no longer wanted her representation. Petitioner stated that he had seen his attorney for the first time on that date. He wanted an attorney appointed who would work on his behalf. Nonetheless, on these facts, the appellate court denied relief, in part, by concluding that Petitioner had failed to state his complaint with sufficient specificity to warrant further investigation, and the record did not suggest a breakdown in the attorney-client relationship such that Petitioner could not have received adequate representation. In making this determination, the state appellate court only recounted Petitioner's statements that "I don't think she's working on my behalf," and "I don't see anything she's doing for me." *Griffin*, 2013 WL 6506888, at *3. The court did not address

Petitioner's assertions that there had been a total lack of communication, his attorney had never come to see him at the jail, and that the first day of trial was the first day he had ever seen her.

This Court concludes that these factual determinations are not reasonable in light of the evidence presented.  The Petitioner appears to have alerted the trial court to his concern with appointed counsel – and his inability to communicate with her -- at the earliest opportunity he had to do so, that being when he was brought before the trial court.  Further, the nature of Petitioner's complaint, namely that he had been unable to consult with his attorney prior to the first day of trial, suggests the strongest type of breakdown in communication that would prohibit adequate representation.[4]  This Court concludes, therefore, that the state appellate court's determination that "the trial court did not abuse its discretion in refusing to delay appellant's trial based upon his untimely, generalized complaints regarding counsel" *State v. Griffin*, 2013 WL 65068888, at *4, is based on an unreasonable determination of the facts in light of the evidence presented.

The Magistrate Judge therefore **RECOMMENDS** that the petition for a writ of habeas corpus conditionally be granted on Petitioner's claim that he was denied his right to counsel, and that Petitioner be released subject to the State instituting a re-trial within ninety (90) days.

**Claim Two**

In claim two, Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress evidence.  The state appellate court denied this claim as follows:

> [A]ppellant contends he was denied effective assistance of counsel because his trial counsel failed to file a motion to suppress evidence. Appellant argues that evidence of the cocaine and

---

[4] Indeed, the record reveals that Petitioner's attorney repeatedly referred to him as "Calvin Klein."  (See Transcript, at p. 14, PAGEID # 225.)

weapon discovered during the inventory search of the vehicle should have been suppressed, and that defense counsel was ineffective in failing to file a suppression motion prior to trial. Appellant cites trial testimony that no usable prints were recovered from the bag of cocaine found in the vehicle; further, that the handgun was tested for DNA and compared with appellant's DNA, indicating a DNA mixture of at least three individuals. While appellant acknowledges trial testimony that he could not be excluded as a contributor to the mixture, [FN1] he argues it is possible his DNA was not among the DNA found due to the lack of a definite match.

FN1. At trial, a DNA analyst testified that appellant's "DNA profile was present in the DNA mixture, and his profile * * * could not be excluded as being a contributor to that mixture." (Tr. 131–32.)

In response, the state maintains appellant does not claim the evidence was illegally obtained, and that his challenge goes to the weight to be given the evidence, not its admissibility. The state argues appellant cannot demonstrate ineffective assistance because he cannot show the filing of a motion to suppress would have been meritorious.

In order to establish ineffective assistance of counsel based upon failure to file a motion to suppress, a defendant "must prove that there was a basis to suppress the evidence in question." *State v. Brown*, 115 Ohio St.3d 55, 2007–Ohio–4837, ¶ 65, citing *State v. Adams*, 103 Ohio St.3d 508, 2004–Ohio–5845, ¶ 35. See also State v. Gibson, 69 Ohio App.2d 91, 95 (8th Dist.1980) ("Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion").

In the instant case, appellant points to nothing in the record indicating there was a basis to challenge the inventory search. *State v. Smith*, 10th Dist. No. 08AP–420, 2008–Ohio–6520, ¶ 18. At trial, police officers testified that the vehicle was impounded because appellant, who was the sole occupant of the vehicle, did not have a driver's license, i.e., there was nobody else to drive the vehicle. According to the testimony presented, after the vehicle was impounded an inventory search was performed consistent with established procedures at which time the items at issue were discovered. A valid inventory search is an exception to the warrant requirement, and in Ohio "a standard inventory search of a

lawfully impounded automobile * * * is permissible." *State v. Nields*, 93 Ohio St.3d 6, 27 (2001), citing *State v. Robinson*, 58 Ohio St.2d 478 (1979), syllabus. [FN2]

FN2. In general, police inventory search procedures were developed "in response to three distinct needs: the protection of the owner's property while it remains in police custody, * * * the protection [of] the police against claims or disputes over lost or stolen property, * * * and the protection of the police from potential danger. *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976).

Here, there is no showing that the search performed did not comply with applicable police procedures. Because a reasonable attorney could have concluded that the search was a valid inventory search, appellant has not demonstrated that trial counsel was ineffective in failing to challenge the basis of the search. *See State v. Woodard*, 11th Dist. No.2009–A–0047, 2010–Ohio–2949, ¶ 35 (trial counsel not ineffective for failing to file motion to suppress that would have been futile based upon established case law).

Accordingly, the second assignment of error is without merit and is overruled.

*State v. Griffin*, 2013 WL 650888, at *4-5.

The right to counsel guaranteed by the Sixth Amendment to the U.S. Constitution is the "right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a complaint of ineffective assistance of counsel, a defendant must meet the two-prong *Strickland* test:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. The Supreme Court emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Put plainly, "[a] court must indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Id.*  Moreover, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 692.  Rather, a defendant must demonstrate prejudice to prevail on a claim of ineffective assistance of counsel.  Id. at 693.  To do so, a defendant must establish that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different.  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  Because a defendant must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that he or she has failed to satisfy one prong, it need not consider the other.  *Id.* at 697. Where the petitioner asserts that his attorney performed in a constitutionally ineffective manner in failing to litigate a Fourth Amendment claim, he must establish that his "'Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.'" *Henness v. Bagley*, 644 F.3d 308, 317-18 (6th Cir. 2011) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

"It is settled law that the police may conduct an inventory search of an automobile that is being impounded without running afoul of the Fourth Amendment." *United States v. Jackson,* 682 F.3d 448, 455 (6th Cir. 2012) (citing *United States v. Smith*, 510 F.3d 641, 650 (6th Cir. 2007)).  "Vehicle inventory searches are an exception to the Fourth Amendment's probable cause requirement and are valid if conducted in accordance with standard police procedures." *United States v. Ballard,* 432 F. App'x 553, 556 (6th Cir. 2011) (citing *Colorado v. Bertine*, 479 U.S. at  at 371–72; *United States v. Harvey*, 16 F.3d 109, 112 (6th Cir. 1994)).  Inventory

searches " 'serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger.'" *United States v. Smith*, 510 F.3d 641, 650–51 (6th Cir. 2007) (quoting *United States v. Lumpkin*, 159 F.3d 983, 987 (6th Cir. 1998) (citing *Bertine*)).  "An inventory search must proceed pursuant to 'standardized criteria' or 'established routine' in order to protect against the use of inventory searches as 'a ruse for a general rummaging in order to discover incriminating evidence.'" *United States v. Thompson-Bey,* No. 3:09-cr-64, 2010 WL 2711105, at *9 (E.D. Tenn. Jan. 12, 2010) (citing *Florida v. Wells*, 495 U.S. 1, 4 (1990)).  The "procedures may be written, but established unwritten procedures are also sufficient."  *United States v. Agofsky*, 20 F.3d 866, 873 (8th Cir. 1994) (citing *United States v. Lowe*, 9 F.ed 43, 46 (1993) (cert. denied, 510 U.S. 1181 (1994).  An officer's suspicion of contraband will not defeat an otherwise proper inventory search.  *United States v. Smith,* 510 F.3d at 651 (6th Cir. 2007); *Lumpkin*, 159 F.3d at 987.  Police may exercise their discretion so long as it is exercised according to standard criteria and not on suspicion of evidence of criminal activity.  *Hockenberry*, 730 F.3d at 658 (citing *Jackson,* 682 F.3d at 454 (citations omitted) (internal quotation marks omitted); *United States v. Kimes*, 246 F.3d 800, 805 (6th Cir. 2001).

Here, the state appellate court found that police impounded the vehicle based upon Petitioner's valid arrest and because nobody else was available to drive the vehicle.  They thereafter conducted an inventory search of the vehicle pursuant to standard established procedure.  Petitioner does not dispute these findings, nor has he rebutted the presumption of correctness afforded to the factual findings of the state appellate court.  28 U.S.C. § 2254(e).  Under these circumstances, a motion to suppress evidence obtained by police pursuant to a valid inventory search of the vehicle for its impoundment could not have succeeded.

Petitioner has failed to establish the denial of the effective assistance of counsel based on his attorney's failure to file a motion to suppress evidence.

### Claim Three

In claim three, Petitioner asserts generally that he was denied a "fundamentally fair trial," in violation of his "right to due process and equal protection of law as guaranteed him in the 4th, 5th, 6th, and 14th Amendments to the U.S. Constitution."  (ECF No. 1, PageID# 8.)  Petitioner fails to provide any further basis for such claim, aside from indicating that it "occurred after appeal process completed."  (PageID# 9.)  This Court is unable to determine the nature of this claim.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Petitioner must specify the nature of his grounds for relief and state the facts in support of each ground.  Dismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication.  *See Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) appropriate where pleadings contain unintelligible and conclusory allegations and statements) (citations omitted); *Accord v. Warden, Lebanon Corr. Inst.*, No. 2:12-cv-355, 2013 WL 228027, at *3 (S.D. Ohio Jan. 22, 2013) (while the court liberally construes a *pro se* prisoner's pleadings, it is not required to "conjure allegations" on the petitioner's behalf) (citations omitted)).

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus conditionally be granted on claim one, and that Petitioner be released subject to the State

instituting a re-trial within ninety (90) days.  The Magistrate Judge further **RECOMMENDS** that the remainder of Petitioner's claims be **DISMISSED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b) (1).

The parties are specifically advised that failure to object to the *Report and Recommendati*on will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

          _ s/ *Elizabeth A. Preston Deavers*
          Elizabeth A. Preston Deavers
          United States Magistrate Judge

Date:  March 21, 2016