**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CALVIN GRIFFIN,**

        **Petitioner,**

        **v.**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

        **Respondent.**

        **CASE NO. 2:14-CV-00857
        JUDGE ALGENON L. MARBLEY
        Magistrate Judge Elizabeth P. Deavers**

**OPINION AND ORDER**

Through counsel, Petitioner has filed a motion to expand the record to include affidavits he has attached in support of his claim that he was denied his right to counsel. *See Second Motion to Expand the Record* (ECF No. 17.)  For the reasons that follow, Petitioner's motion to expand the record (ECF No. 17) is **GRANTED.**

Petitioner asserts that he was denied his right to counsel, because on the first day of trial, he expressed dissatisfaction with his retained counsel, but the trial court refused to permit him to obtain a new attorney without conducting an adequate inquiry into his complaint.  Petitioner has filed a motion to expand the record pursuant to Rule 7 of the Rules Governing Section 2254 Cases[1] in support of this claim to include an affidavit from his father, Murray Griffin; an

---

[1] Rule 7 provides:

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.

> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.

affidavit from one Deandra Taylor; and Petitioner's own affidavit.  *Second Motion to Expand Record* (ECF No. 17, PageID# 678-685.)

Petitioner indicates that he had retained Attorney Nancy Wonnell to represent him for a fee of $3,500.00.  In March 2012, she entered a notice of appearance as counsel of record. *Affidavit of Calvin Griffin* (ECF No. 17-1, PageID# 678.)  Around that time, Attorney Wonnell visited the Petitioner at the jail and informed him she would be back to discuss the case.  They did not discuss the charges against him.  He had no further contact with her until July 23, 2012, the morning of trial.  (PageID# 679.)  He had no telephone contact with his attorney and they did not exchange any correspondence.  On the morning of the first day of trial, she informed him that the government had extended a plea offer of six years "take it or leave it."  (*Id.*)  He had contacted and hoped to retain another defense attorney prior to the first day of trial, but never reached a financial agreement.  He had absolutely no communication with his Attorney Wonnell prior to the morning of the first day of trial.  (PageID# 680.)

In March 2012, Murray Griffin, Petitioner's father, paid Attorney Wonnell a sum of $3,500.00 to represent Petitioner in this case. *Affidavit of Murry Griffin* (ECF No. 17-2, PageID# 682.)

Sometime prior to the first day of trial, Deandra Taylor contacted Attorney Janet Grubb on Petitioner's behalf, due to his dissatisfaction with his retained counsel.  *Affidavit of Deandra Taylor* (ECF No. 17-3, PageID# 684.)  Attorney Grubb required a retainer of "$5,00 [sic] to $7,000.00."  (*Id.*)  It was Taylor's understanding that Petitioner's family was in the process of attempting to obtain the money to privately retain new counsel.  (PageID# 685.)

---

(c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

Respondent opposes Petitioner's request to expand the record with the foregoing affidavits. Referring to *Cullen v. Pinholster*, 536 U.S.170, 180 (2011), Respondent argues that the Court must limit its review to the record that was before the state appellate court that adjudicated Petitioner's claim on the merits. *Response in Opposition to Second Motion to Expand Record* (ECF No. 20.)

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas court cannot grant relief unless the Petitioner establishes that the state court decision contravened or unreasonably applied clearly established federal law, as determined by the United States Supreme Court, or based its decision on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2); *see Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013)(citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006).

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id*. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Coley,* 706 F.3d at 748–49. The burden of satisfying the standards set forth in § 2254 rests with the petitioner. *Pinholster*, 563 U.S. at 180.

The United States Supreme Court held in *Pinholster* that a federal court, when determining under 28 U.S.C. § 2254(d) whether a state court decision adjudicating a claim on the merits was contrary to or involved an unreasonable determination of clearly established federal

law as determined by the United States Supreme Court or involved an unreasonable determination of the facts based on the evidence presented, must limit its review to the record that the state court considered when it rendered its adjudication.  *See Lynch v. Hudson*, No. 2:07-cv-948, 2011 WL 4537890, at *4 (S.D. Ohio Sept. 28, 2011) (citing *Pinholster,* 563 U.S. at 180-81).  "In conducting the § 2254(d) inquiry, the Court is limited to the record that was before the state courts."  *Torres v. MacLaren*, 184 F.Supp.3d 587, 591 (E.D. Mich. 2016) (citing *Pinholster*, 563 U.S. at 181).  If, however, a petitioner clears the § 2254(d) hurdle, the Court may then evaluate the claim *de novo.  Id*. (citing *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007) ("When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires.").  Such are the circumstances here.

> A state court unreasonably determines the facts of a case if it fails to consider key aspects of the record, *Miller-El v. Cockrell*, 537 U.S. 322, 340, 346-47, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003), if the record does not support its determination, *Taylor v. Maddox*, 366 F.3d 992, 1008 (9th Cir. 2004), if it makes an unreasonable credibility determination, *Miller-El,* 537 U.S. at 340, 123 S.Ct. 1029, or if it relies on the testimony of an individual who lacked personal knowledge of the facts, *Bui v. Haley*, 321 F.3d 1304, 1315-16 (11th Cir.2003). A habeas court "may no more uphold such a factual determination than [it] may set aside a reasonable state-court fact-finding." *Taylor*, 366 F.3d at 1008.

*Carlson v. Jess*, 507 F. Supp. 2d 968, 978 (E.D. Wisc. 2007).  Under 28 U.S.C. § 2254(d)(2), if "'[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'" *Brumfield v. Cain*, -- U.S. --, 135 S .Ct. 2269, 2277 (2015) (citing *Wood v. Allen*, 558 U.S. 290, 301 (2010)).  "[H]owever, '[e]ven in the context of federal habeas, deference does not imply

abandonment or abdication of judicial review,' and 'does not by definition preclude relief.'" *Id*. (quoting *Miller–El v. Cockrell*, 537 U.S. at 340).

This Court has previously determined that the state appellate court's decision rejecting Petitioner's claim constituted an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. § 2254(d)(2). *Order and Report and Recommendation* (ECF No. 8.) Respondent does not object to that determination. *See Objection* (ECF No. 9.)

As discussed, the state appellate court rejected Petitioner's claim, in part, by finding that he untimely expressed his dissatisfaction with counsel on the morning of the first day of trial, in general terms lacking sufficient specificity to warrant any further inquiry, and nothing in the record suggested such a break down in the attorney-client relationship that Petitioner had not received adequate representation. The state appellate court referred to *State v. Gordon*, 149 Ohio App.3d 237, 241 (Ohio App. 1st Dist. 2002), in support of its conclusion, noting that "mere hostility, tension and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense." *See State v. Griffin*, No. 12AP-798, 2013 WL 6506888, at *1-4 (Ohio App. 10th Dist. Dec. 10, 2013).

However, the record does not support these factual findings. Petitioner complained on the morning of the first day of trial that he had not seen his attorney prior to that time. The nature of this complaint, *i.e.*, that he had been unable to communicate with his attorney prior to the first day of trial, suggests the strongest type of breakdown in communication that would prohibit adequate representation. This case does  not present an an issue involving hostility, tension, or a personal conflict between Petitioner and his defense counsel. Clearly, had he been unable to community with his attorney prior to the first day of trial, Petitioner could not have had

any meaningful or adequate opportunity to discuss the charges against him, develop a defense, or decide whether he should enter a guilty plea.  Petitioner's complaint, therefore, necessarily raised an issue regarding a complete breakdown in communication that would have resulted in inadequate representation.  Further, Petitioner appears to have alerted the trial court to his concern with appointed counsel – and his inability to communicate with her – at the earliest opportunity he had to do so, that being when he was brought before the trial court.

Moreover, the trial transcripts indicate that defense counsel repeatedly referred to Petitioner during trial by the wrong name.  *See Transcript* (ECF No. 6-2, PageID# 215; 225; 366.)  Additionally, and as previously noted by this Court, the record is not at all clear that Petitioner was indigent or whether he wanted to retain another attorney at the time the trial court denied the request by simply stating "the answer is no."  Petitioner, in fact, stated, "if I am going to put money on it," suggesting that he wanted to retain someone else.  On appeal, the government offered a *post hoc* rationale to justify the trial court's lack of inquiry.  The government pointed to an application to hire an investigator, filed by his attorney, on which it indicated that Petitioner was indigent and his family could not afford to hire one.  *See* May 14, 2012, *Ex Parte Motion for Investigative Fees*.  *Brief of Plaintiff-Appellee* (ECF No. 6-1, PageID# 163.)  As the Court previously noted, the matter could have been addressed and determined at the time of Petitioner's request, had the trial court simply inquired.

Because this Court has determined, based solely upon the record that was before the state appellate court when it adjudicated the merits of Petitioner's claim, that the court's decision constituted an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. § 2254(d)(2), the Court may now permit expansion of the record for a *de novo* review of the Petitioner's claim.  *See Torres v. MacLaren*, 184 F. Supp. 3d at 591 (citing *Hurles v. Ryan*,

752 F.3d 768, 778 (9th Cir. 2014); *Caudill v. Conover*, 871 F.Supp.2d 639, 649 (E.D. Ky.2012);

*Harris v. Haeberlin*, 752 F.3d 1054, 1057 (6th Cir. 2014); *Smith v. Cain*, 708 F.3d 628, 635 (5th

Cir. 2013); *Mosley v. Atchison*, 689 F.3d 838, 841–42 (7th Cir. 2012)); *see also Neal v.*

*Wolfenbarger*, 57 F. Supp. 3d 804, 818 (E.D. Mich. 2014) ("Where a state court decision is

based upon an unreasonable determination of the facts under 2254(d)(2), the Court's review of

the underlying claim is then 'unencumbered by the deference the AEDPA normally requires.'")

(quoting *Rice v. White*, 660 F.3d 242, 251 (6th Cir. 2012).  "*Pinholster* does not completely shut

the door on further factual development if it is needed."  *Caudill v. Conover*, 871 F. Supp. 2d at

647.   If the Court determines that the state court adjudicated the Petitioner's claim based upon

an unreasonable determination of the facts, § 2254(d) deference does not apply and new

evidence can be considered."  *Id*.

> *Pinholster* is limited to § 2255(d) and does not preclude a district
> court from considering evidence produced at an evidentiary
> hearing to determine whether a petitioner is entitled to habeas
> relief under § 2254(a). *See, e.g., Detrich*, 677 F.3d at 983 (finding
> that it could "consider evidence [petitioner] raised for the first time
> in federal court in analyzing whether [counsel's] deficient
> performance prejudiced the defense" where "§ 2254(d)(2) d[id] not
> bar federal habeas relief"); *Fanaro v. Pineda*, No. 10–CV–1002
> (GLF), 2012 WL 1854313, at *6 (S.D. Ohio May 21, 2012)
> ("Because the Court concludes that the state courts unreasonably
> applied or contravened federal law in rejecting [petitioner's]
> ineffective assistance claim, Petitioner may present new or
> additional evidence in support of this claim at the evidentiary
> hearing."); *Caudill v. Conover*, 871 F.Supp.2d 639, 649
> (E.D.Ky.2012) ("[T]he *Pinholster* decision only holds that new
> evidence may not be considered in determining whether a
> Petitioner's claims are barred by § 2254(d).... Accordingly, the
> Court may consider new evidence obtained by way of discovery or
> an evidentiary hearing if the Petitioner first overcomes 28 U.S.C. §
> 2254(d) based solely on the record that was before the state
> court."); *Skipwith v. McNeil*, No. 09–CV–60361 (CMA), 2011 WL
> 1598829, at *5 (S.D. Fla. Apr. 28, 2011)*57 ("Now that the
> section 2254(d) hurdle has been cleared, the court agrees with [the]
> reasons for holding an evidentiary hearing and considers

[petitioner's] ineffective assistance of counsel claim on its merits."); *Ballinger v. Prelesnik*, 844 F.Supp.2d 857, 868 (E.D.Mich.2012) (stating that "*Pinholster* concerns the application of § 2254(d), and not § 2254(a)," and that although the court had already "determined that § 2254(d)'s hurdle had been cleared, [ ] a hearing was still required to determine whether, in fact, Petitioner's constitutional rights had been violated"); *Williams v. Mitchell*, No. 09–CV–2246 (DN), 2011 WL 5118469, at *2 (N.D. Ohio Oct.27, 2011) ("*Pinholster* does not prevent habeas corpus courts from considering evidence presented at an evidentiary hearing once it has determined that the petitioner's claim satisfies AEDPA's Section 2254(d).").

*Lopez v. Miller,* 906 F. Supp. 2d 42, 55 (E.D. N.Y. July 10, 2012); *see also Lynch v. Hudson*,

2011 WL 4537890, at *5 (same) (citing *Skipwith v. McNeil*, No. 09–60361, 2011 WL 1598829,

at * 5 (S.D. Fla. Apr. 28, 2011); *Hearn v. Ryan*, No. CV 08–448–PHX–MHM, 2011 WL

1526912, at *2 (D. Ariz. Apr. 21, 2011)).

Therefore, Petitioner's *Second Motion to Expand Record* (ECF No. 17) is **GRANTED**.

The Court will set a status conference with the parties by separate notice.

**IT IS SO ORDERED.**

　_s/ *Elizabeth A. Prseton Deavers*_____
**ELIZABETH A. PRETON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**