**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CALVIN GRIFFIN,**

**Petitioner,**

**v.**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

**Respondent.**

**CASE Nos. 2:14-cv-857 and 18-cv-839
JUDGE ALGENON L. MARBLEY
Chief Magistrate Judge Elizabeth P. Deavers**

**ORDER and
REPORT AND RECOMMENDATION**

This matter is before the Court on the consolidated and amended *Petition* for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, Respondent's *Return of Writ* and *Second Amended

Return of Writ*, *Petitioner's Response/Traverse to Respondent's Answers to Petitions for Writ of

Habeas Corpus*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge

**RECOMMENDS** that that these actions be **DISMISSED.**

Petitioner's request for an evidentiary hearing is **DENIED**.

The *Opinion and Order* granting Petitioner's *Second Motion to Expand the Record*

hereby is **VACATED**, and the motion for expansion of the record (ECF No. 17) is **DENIED**.

Respondent's *Objection* (ECF No. 27) is **DENIED**, as **MOOT**.

**Facts and Procedural History**

This Court has previously has detailed the facts and procedural history of this case, *see

Order and Report and Recommendation* (ECF No. 8), but additional developments are included

here. As discussed, Petitioner challenges his convictions after a jury trial in the Franklin County

Court of Common Pleas in Case Number 12-CR-470, on one count of carrying a concealed

weapon, one count of improperly handling a firearm in a motor vehicle, and one count of

possession of cocaine.  The trial court separately found Petitioner guilty on one count of having a weapon while under disability, and on August 10, 2012, imposed an aggregate term of five years incarceration.  The state appellate court affirmed the judgment of the trial court.[1]  *State v. Griffin*, No. 12AP-798, 2013 WL 6506888, at \*1 (Ohio App. 10th Dist. Dec. 10, 2003).  On April 23, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  *State v. Griffin*, 138 Ohio St.3d 1470 (Ohio 2014).

On July 16, 2014, Petitioner filed his first habeas corpus *Petition* in Case Number 2:14-cv-00857, asserting that the trial court improperly refused to appoint him new counsel or conduct a hearing on his request for new counsel (claim one); that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress evidence (claim two); and that he had been denied a fair trial (claim three).[2]  On March 21, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Petition* for a writ of habeas corpus conditionally be granted on claim one, that Petitioner's remaining claims be dismissed, and that Petitioner be released subject to the State instituting a re-trial within ninety days.  (ECF No. 8.)  The case has been recommitted to the Magistrate Judge for issuance of a supplemental report.  (ECF No. 10.)  On September 22, 2016, the Court appointed counsel to represent Petitioner in these proceedings and assist in the proper determination of the case.  (ECF No. 11.)  On February 1, 2017, the Court granted *Petitioner's Motion to Expand the Record* to include affidavits from

---

[1] Petitioner asserted on direct appeal that the trial court violated the Sixth Amendment when it refused to permit him to obtain new counsel, and that he was denied the effective assistance of counsel based on his attorney's failure to file a motion to suppress evidence.

[2] Petitioner has withdrawn claim three.  *See Second Amended Petition for Habeas Corpus Relief* (Case No. 14-cv-847, ECF No. 51) Because the Court had already rule against him on the issue, Petitioner indicates that he is no longer pursuing habeas corpus claim two.  *See Petitioner's Response/Traverse to Respondent's Answers to Petitions for Writ of Habeas Corpus* (Case No. 18-cv-839, ECF No. 18, PAGEID # 355.)

Petitioner, his father, Murray Griffin and Deandra Taylor, in support of his claim that he was

denied his right to counsel. (ECF No. 22.)[3] On April 17, 2017, the Court stayed proceedings

pending resolution of Petitioner's motion to withdraw his guilty plea and reinstate plea offer.

(ECF No. 33.) On June 12, 2017, the trial court denied that motion. (ECF No. 46, PAGEID #

1063.) On January 9, 2018, the appellate court affirmed the judgment of the trial court. *State v.

Griffin*, 10th Dist. No. 17AP-492, 2018 WL 333002 (Ohio Ct. App. Jan. 9, 2018). On May 23,

2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Griffin*, 152

Ohio St.3d 1481 (Ohio 2018). Upon exhaustion of this action in the state courts, habeas corpus

proceedings have been reinstated, and the Respondent has filed a *Supplemental State Court

Record*. (ECF No. 46.)

 Thereafter, on July 9, 2018, Petitioner filed an *Amended Petition*, raising an additional

challenge to a separate state court conviction made pursuant to his August 10, 2012, guilty plea

in the Franklin County Court of Common Pleas on the charge of felonious assault with a

shooting from a car specification, in State Criminal Case No. 12-CR-2434.[4] (ECF No. 49.) At

the direction of the Court, on August 13, 2018, Petitioner filed a new and separate habeas corpus

*Petition* in Case Number 2:18-cv-00839, on that conviction. He also has submitted a *Second

Amended Petition for Habeas Corpus Relief* (ECF No. 51), on the underlying criminal

convictions initially at issue in his first filed habeas corpus *Petition* in Case Number 2:14-cv-

00857. The cases have been consolidated for this Court's review.

---

[3] Respondent filed an *Objection* to that *Opinion and Order* (ECF No. 27); however, for the reasons discussed *infra*, the *Opinion and Order* granting Petitioner's *Second Motion to Expand the Record* (ECF No. 22) is **VACATED**, and the Petitioner's motion to expand the record (ECF No. 17) is **DENIED**.

[4] Petitioner initially also challenged his convictions on two counts of possession of drugs in state Criminal Case Nos. 12-CR-1407 and 12-CR-1543, but he has since deleted his challenge to those convictions.

**Habeas Corpus Petition, Case Number 2:18-cv-00839:**

As discussed, on July 9, 2018, through the filing of an *Amended Petition*, Petitioner first filed a federal habeas corpus petition under 28 U.S.C. § 2254 challenging his August 10, 2012, conviction pursuant to his guilty plea in the Franklin County Court of Common Pleas on felonious assault with a shooting from a car specification in State Criminal Case No. 12-CR-2434. On August 13, 2018, he filed a separate habeas corpus *Petition* in Case Number 2:18-cv-00839, challenging that same conviction.

The state appellate court summarized the relevant facts and procedural history in regard to this conviction as follows:

{¶ 2} On July 1, 2010, Griffin was indicted in case No. 10CR–3850 for possession of a weapon while under a disability and felonious assault with a gun specification. While that case was pending, Griffin was indicted in three more cases, Nos. 12CR–470, 12CR–1407, and 12CR–1543 for various drug and weapons offenses. Griffin was also reindicted, in case No. 12CR–2434, for the same offenses set forth in No. 10CR–3850, but this time with the addition of a "drive-by" specification as set forth in R.C. 2941.146; i.e., "committing a felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another and that was committed by discharging a firearm from a motor vehicle other than a manufactured home."

{¶ 3} Following guilty verdicts in case No. 12CR–470, Griffin pled guilty to all counts in case No. 12CR–1407 and No. 12CR–1543, and also pled guilty to the felonious assault charge in case No. 12CR–2434. (Aug. 10, 2012 Jgmt. Entry case No. 12CR–2434 at 1; Aug. 10, 2012 Jgmt. Entry in case No. 12CR–470 at 1, Ex. 5 to Mar. 28, 2017 Mot. to Withdraw Plea.) The weapon under disability count in case No. 12CR–2434 was dismissed as was case No. 10CR–3850. (Aug. 10, 2012 Jgmt. Entry case No. 12CR–2434 at 1.) In case No. 12CR–2434, the trial court sentenced Griffin to four years on the felonious assault count and five years on the drive-by specification, to be served consecutively to the four years for felonious assault. I. at 2. The trial court imposed this sentence consecutively to a one-year specification imposed in case No. 12CR–470. *Id.* The sentences in the other cases were: four years plus the one-year consecutive specification for case No. 12CR–470, one year for case No. 12CR–1407, and one year for case No. 12CR–1543. (Aug. 10, 2012 Jgmt. Entry in case No. 12CR–470 at 2, Ex. 5 to Mot. to Withdraw Plea; Feb. 22, 2017 Sentence Computation, Ex. 3 to Mot. to Withdraw Plea.)

Except for the four-year sentence in case No. 12CR–2434, which was consecutive to the five-year specification and the one-year specification in case No. 12CR–470, all sentences in all the cases were to be served concurrently with each other. (Aug. 10, 2012 Jgmt. Entry case No. 12CR–2434 at 2; Aug. 10, 2012 Jgmt. Entry in case No. 12CR–470 at 2; Feb. 22, 2017 Sentence Computation.) In short, the total term of incarceration imposed was ten years. (Aug. 10, 2012 Jgmt. Entry case No. 12CR–2434 at 2.)

{¶ 4} Griffin appealed case No. 12CR–470 alleging that he was deprived of the right to counsel of his choice when the trial court refused to appoint new counsel on the morning of trial and that he was denied effective assistance of counsel when his counsel failed to file a motion to suppress certain evidence against him. *State v. Griffin*, 10th Dist. No. 12AP–798, 2013–Ohio–5389, ¶ 5. This Court overruled both of Griffin's assignments of error and affirmed. *Id*. at ¶ 22, in passim. Griffin did not timely appeal any of his other cases.

{¶ 5} On March 28, 2017, Griffin filed a motion to withdraw his guilty plea in case No. 12CR–2434. (Mar. 28, 2017 Mot. to Withdraw Plea.) In his motion, he argued that he should be permitted to withdraw his plea based on counsel's alleged failure to advise him competently of an offer by the prosecution to resolve all of his pending cases for a total prison term of six years. Id. in passim. Griffin also argued that the proper remedy is for the six-year deal to be reinstated such that Griffin's sentence in all cases does not exceed six years. Id. at 18. The motion was apparently not filed in any of his other cases, Nos. 12CR–470, 12CR–1407, or 12CR–1543, none of which contained sentences beyond six years.

{¶ 6} Following briefing by the State and a reply in support by Griffin, the trial court issued a decision on June 12, 2017. (June 12, 2017 Decision on Mot.) It found that transcripts showed that Griffin was apprised of more than one plea deal throughout the course of proceedings, including the six-year offer and that he rejected all of them. Id. at 1–2. Griffin now appeals that ruling *but has not attempted to appeal any of his other cases in relation to his motion.* [Emphasis added.]

## II. ASSIGNMENT OF ERROR

{¶ 7} Griffin asserts a single assignment of error for review:

The trial court erred in denying Appellant's motion to withdraw his guilty plea and reinstate a "global" plea deal to resolve four pending cases, as Appellant was denied effective assistance of counsel in the resolution of his guilty plea in said cases, in violation of the Ohio Constitution, Article I, Section 10 and in violation the 6th and 14th Amendments to the U.S. Constitution.

*State v. Griffin*, 10th Dist. No. 17AP-492, 2018 WL 333002, at \*1-2 (Ohio Ct. App. Jan. 9, 2018). On January 9, 2018, the appellate court affirmed the judgment of the trial court. *Id.* On May 23, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Griffin*, 152 Ohio St.3d 1481 (Ohio 2018).

Petitioner asserts that he was denied the effective assistance of counsel during plea negotiations, resulting in his rejection of the State's plea offer of six years incarceration. He requests that his conviction be vacated, and that the State's plea offer of six years (to be served concurrently with his sentence in State Case No. 12-CR-470) be reinstated. It is the position of the Respondent that Petitioner's challenge to this conviction is time-barred. For the reasons that follow, the Undersigned agrees.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

Applying the language of § 2244(d)(1)(A), Petitioner's conviction became final on September 10, 2012, thirty days after the judgment entry of sentence, when the time period expired to file a timely appeal. *See Watkins v. Dayton Correctional Institution*, No. 2:16-cv-501, 2016 WL 3855206, at *2 (S.D. Ohio July 15, 2016) (citing *Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A)). The statute of limitations began to run on the following day, and expired one year later, on September 11, 2013. Petitioner waited approximately four years and ten months, until July 9, 2018, to file this habeas corpus *Petition*. His March 2017 motion to withdraw guilty plea does not toll the running of the statute of limitations under § 2244(d)(2), because he filed it long after the one-year statute of limitations had already expired. "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Petitioner nonetheless contends that the statute of limitations does not bar him from pursuing relief, because he did not understand the legal significance or discover the facts supporting his claim until this Court appointed counsel to assist with these federal habeas corpus proceedings. Petitioner further argues that the Court should equitably toll the running of the statute of limitations, because the same attorney represented him in both underlying state court

proceedings, and his claims of the denial of ineffective assistance of counsel are "inexorably intertwined." (ECF No. 1, PAGEID # 15.) The Court is not persuaded by these arguments.

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner must file his habeas corpus petition one year from the date that his claim "could have been discovered through the exercise of due diligence." The question is not when a prisoner first learns of the factual predicate for his claim, but rather when he should have learned of it had he exercised reasonable care. *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004) (citations omitted). "Section 2244(d)(1)(D). . . does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support a claim." *Brooks v. McKee*, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2004) (citation omitted). It is the petitioner's burden to establish that he exercised due diligence in searching for the factual predicate for his habeas corpus claim. *Redmond v. Jackson*, 295 F.Supp.2d 767, 772 (E.D. Mich. 2008)(citing *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002)). Petitioner has not met this burden here.

Petitioner advances no reason that, exercising due diligence, he would have been unaware of the factual predicate for his claim of the denial of the effective assistance of counsel relating to his felonious assault conviction on or about the date that he entered his August 2012 guilty plea, or, in any event, long before the one-year statute of limitations expired. His allegation that his attorney failed to provide him with adequate advice regarding whether or not to enter a guilty plea, has long been apparent to him. Additionally, on September 22, 2016, Petitioner obtained the assistance of court-appointed counsel in these proceedings. Still, he waited more than one year and nine months, until July 9, 2018, to raise any challenge to his underlying felonious assault conviction based on his attorney's alleged failure to adequately consult with him during plea negotiations. Thus, this action is not timely under the provision of § 2244(d)(1)(D).

Moreover, the record does not reflect a basis for equitable tolling of the statute of limitations, particularly for the time period at issue here.

In order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010)) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling of the statute of limitations is granted sparingly in habeas cases. *See Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011). Further, the petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, however, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003).

A Petitioner's *pro se* status and lack of legal knowledge or understanding of the law, or his inability to understand the legal significance of his claims does not warrant equitable tolling of the limitations. *See Heid v. Warden, Ross Correctional Institution*, No. 1:16-cv-398, 2017 WL 2225458, at *11 (S.D. Ohio May 22, 2017) (citing *Hall*, 662 F.3d at 750-51 (no equitable tolling based on *pro se* prisoner's lack of access to the trial transcript and law-library); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling'"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll

the statute of limitations"); *Lacking v. Jenkins*, No. 2:15-cv-3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016) ("A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations.").  Petitioner does not refer to, and this Court has been unable to locate, any cases supporting his argument that his representation by the same attorney in separate and unrelated state criminal cases, and his allegation that she performed in a constitutionally ineffective manner on similar grounds, or the entry of his guilty on the same day on several different pending state charges, provides grounds for equitable tolling of the statute of limitations when his claim has long been readily apparent to him, and nothing prevented his timely filing.

Therefore, Petitioner's challenge to his underlying criminal conviction on felonious assault made pursuant to his guilty plea is barred by the one-year statute of limitations imposed under 28 U.S.C. § 2244(d) and will not be further addressed here.

**Habeas Corpus Petition, Case Number 2:14-cv-00857**

On July 16, 2014, Petitioner initially filed the *pro se* habeas corpus *Petition* challenging his underlying criminal convictions in State Criminal Case No. 12-CR-470, asserting that he had been denied his right to counsel of choice in violation of the Sixth Amendment when the trial court refused to allow him to obtain a new retained attorney of his own choosing, and denied the effective assistance of counsel because his attorney failed to file a motion to suppress evidence.[5] (ECF No. 1.)  Through counsel, Petitioner also now asserts that he was denied the effective assistance of counsel based on a conflict due to a break-down in the attorney-client relationship, and his attorney's inadequate performance during plea negotiations.  *See Addendum to Second*

---

[5] Petitioner does not intend to proceed with this latter claim.

*Amended Petition for Habeas Corpus* (ECF No. 51-1, PAGEID # 1261-66.) It is the position of the Respondent that Petitioner's former claims lack merit, and that he has procedurally defaulted the latter claims for review in these proceedings. For the reasons that follow, this Court agrees.

### Procedural Default

The Court will first address the issue of procedural default.[6] In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If the petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).

If, because of a procedural default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 724; *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims. *Maupin v. Smith*, 785 F.2d 135, 138

---

[6] Petitioner's newly added claims of the denial of the effective assistance of counsel due to a conflict of interest or failure to pursue plea negotiations may also be time-barred. *See Wright v. United States*, 2018 WL 3410057, at *2 (S.D. Ohio July 13, 2018) (new claims of the denial of the effective assistance of counsel supported by facts that differ in time and type do not "relate back" to other timely-filed claims) (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (other citations omitted). Respondent does not raise the issue, however, and in view of Petitioner's procedural default of these claims, this Court will not address the issue.

(6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*).  Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin*, 785 F.2d at 138 (internal quotations omitted).  Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes:  (1) a substantial reason to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error.  *Id*.  "Cause" under this test "must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some factor external to the defense [that] impeded [ ] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753.  This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all.  *Id*. at 750.

Nevertheless, "'[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'"  *Murray*, 477 U.S. at 495 (quoting *Engle v. Isacc*, 456 U.S. 107 (1982)).  Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750; *see also Lott v. Coyle,* 261 F.3d 594, 601–02 (6th Cir. 2001) (same).  The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably,

would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Petitioner did not present his claims of ineffective assistance of counsel based on a conflict of interest due to a break-down in the attorney-client relationship or inadequate performance during plea negotiations to the state courts in connection with his convictions after a trial in State Criminal Case Number 12-CR-470 for carrying a concealed weapon, possession of cocaine with a firearm specification, improper handling of firearms in a motor vehicle, and having a weapon while under disability to the state courts. Instead, he argued on direct appeal solely that "the trial court erred by refusing to allow [him] to obtain new counsel when requested in violation of [his] Sixth Amendment rights." (ECF No. 6-1, PAGEID # 114.) Specifically, Petitioner asserted that he had been denied the right to retain counsel of his own choosing. (PAGEID # 117.) In support, he referred to *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006) (denial of the right to counsel of choice is not subject to harmless-error analysis) (PAGEID # 116-18.) He made this same argument in the Ohio Supreme Court. (PAGEID # 181-83.) Further, Petitioner may now no longer present his claims regarding an alleged conflict of interest or inadequate performance of defense counsel during plea negotiations to the state courts under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967) (claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata*). The state courts were never given an opportunity to enforce the procedural rule at issue due to the nature of Petitioner's procedural default.

Moreover, Ohio's doctrine of *res judicata* in this context is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well

as the state court's reliance thereon, must rely in no part on federal law. *Coleman*, 501 U.S. at 732–33. To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id*. at 423 (quoting *James v. Kentucky,* 466 U.S. 341, 348–351 (1984) ); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964); *Jamison v. Collins*, 100 F. Supp. 2d 521, 561 (S.D. Ohio 1998).

The Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour* v. *Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998).

Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *See State v. Cole*, 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that Ohio's doctrine of *res judicata* in this context does not rely on or otherwise implicate federal law. Accordingly, the Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

To the extent that Petitioner contends that his claims rely on matters that are not readily apparent from the face of the record, he failed to pursue the filing of a state post-conviction

action.  Further, the record does not indicate that he can meet the stringent requirements for

consideration of his claims now in an untimely petition for post-conviction relief under the

provision of O.R.C. § 2953.23.[7]  *See, e.g., Banks v. Warden, Franklin Med. Ctr.*, No. 2:11-cv-

---

[7] O.R.C. § 2953.23 provides in relevant part:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:
>
> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
>
> (2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.
>
> As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of

117, 2013 WL 6175815, at *5 (S.D. Ohio Nov. 22, 2013) (off-the-record claims to be waived on this same basis).

Petitioner nonetheless argues that he has preserved his claims for review in these proceedings by presenting them in his March 28, 2017, motion to withdraw his guilty plea in State Criminal Case No. 12-CR-2434, because he was represented by the same attorney in all of his then pending multiple and unrelated criminal cases, and because the prosecutor had extended plea offers that would have permitted resolution of all of these cases at one time. According to Petitioner, the issues he raises in these separate state criminal cases are so closely intertwined that they essentially involve one cases for purposes of consideration of his claims and he therefore has satisfied the requirement of fair presentation so as to preclude the procedural default of his claims in these proceedings. *Petitioner's Response/Traverse to Respondent's Answers to Petitions for Writ of Habeas Corpus* (ECF No. 18, PAGEID # 351.)

This Court is not so persuaded. In State Criminal Case No. 12-CR-470, Petitioner was found guilty after a trial on charges of improper handling of firearms in a motor vehicle, possession of cocaine with a specification, carrying a concealed weapon, and having a weapon while under disability that occurred in Franklin County, Ohio, on November 9, 2011. (*Indictment*, ECF No. 6-1, PAGEID # 90.) In State Criminal Case No. 12-CR-2434, he pleaded guilty to felonious assault with a shooting from a car specification for actions that occurred on June 12, 2010. Thus, the factual basis for the charges are not related. Again, Petitioner's representation by the same attorney, whom he asserts performed in a constitutionally ineffective

---

the Revised Code" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

.

manner in separate criminal cases involving unrelated charges does not relieve him of the requirement of fairly presenting all his claims in each of those cases to the state courts under the doctrine of procedural default so as to preserve review of those claims in these federal habeas corpus proceedings. The fact that the trial court imposed sentences on the same date, or that the prosecutor conveyed a plea offer whereby he could have resolved all of the then-pending charges against him, does not alter this Court's conclusion.

Petitioner contends that the state appellate court considered the merits of his claims when it affirmed the trial court's denial of his motion for a new trial in Criminal Case No. 12-CR-2434, and did not dismiss his claims as barred under Ohio's doctrine of *res judicata* for failing to raise the issues on direct appeal. (*Petitioner's Response/Traverse to Respondent's Answers to Petitions for Writ of Habeas Corpus,* ECF No. 18, PAGEID # 353.) The record, however, does not support this argument. To the contrary, the state appellate court explicitly noted that Petitioner had not appealed his conviction in State Criminal Case No. 12-CR-470, and its decision did not affect that conviction:

> {¶ 5} On March 28, 2017, Griffin filed a motion to withdraw his guilty plea in case No. 12CR–2434. (Mar. 28, 2017 Mot. to Withdraw Plea.) In his motion, he argued that he should be permitted to withdraw his plea based on counsel's alleged failure to advise him competently of an offer by the prosecution to resolve all of his pending cases for a total prison term of six years. Id. at ¶ 22, *in passim*. Griffin also argued that the proper remedy is for the six-year deal to be reinstated such that Griffin's sentence in all cases does not exceed six years. Id. at 18. The motion was apparently not filed in any of his other cases, Nos. 12CR–470, 12CR–1407, or 12CR–1543, none of which contained sentences beyond six years.

> {¶ 6} Following briefing by the State and a reply in support by Griffin, the trial court issued a decision on June 12, 2017. (June 12, 2017 Decision on Mot.) It found that transcripts showed that Griffin was apprised of more than one plea deal throughout the course of proceedings, including the six-year offer and that he rejected all of them. Id. at 1–2. Griffin now appeals that ruling but has not attempted to appeal any of his other cases in relation to his motion.

*State v. Griffin*, 2018 WL 333002, at *2. The appellate court further noted:

> Because Griffin has not appealed any case other than No. 12CR–2434 or sought to withdraw his guilty plea with respect to any of his other criminal cases, the record on appeal includes only documents and information from case No. 12CR–2434. As the procedural history underlying those other cases seems not to be in dispute, despite the fact that the records are not properly before this Court, for the sake of judicial economy and coherence, we briefly recount the procedural history of cases involved.

*Id*. at *1, n.1. Thus, Petitioner did not, as he now argues, thereby preserve his claims for review. Moreover, Petitioner has failed to establish cause for this procedural default. He does not allege, and the record does not indicate, that he is actually innocent such that he may nonetheless obtain a merits review of his otherwise procedurally defaulted claims.

Thus, Petitioner has waived his claim of an alleged conflict of interest and the denial of the effective assistance of counsel during plea negotiations. The Court will not further address these issues here.

**Merits**

### Standard of Review

Petitioner seeks habeas relief under 28 U.S.C. § 2254. The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth standards governing this Court's review of state-court determinations. The United State Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt." (internal quotation marks, citations, and footnote omitted) ).

The factual findings of the state appellate court are presumed to be correct.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). "Under AEDPA, a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)); 28 U.S.C. § 2254(d)(1) (a petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law"); 28 U.S.C. § 2254(d)(2) (a petitioner must show that the state court relied on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). The United States Court of Appeals for the Sixth Circuit has explained these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. Id. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Coley*, 706 F.3d at 748–49. The burden of satisfying the standards set forth in § 2254 rests with the petitioner. *Cullen v. Pinholster*, 563 U.S.170, 181 (2011).

"In order for a federal court to find a state court's application of [Supreme Court precedent] unreasonable, . . . [t]he state court's application must have been objectively unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520–21, (2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)); *see also Harrington v. Richter*, 562 U.S. at 102 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as " 'fairminded jurists could disagree' on the correctness of the state court's decision.") (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In considering a claim of "unreasonable application" under § 2254(d)(1), courts must focus on the reasonableness of the result, not on the reasonableness of the state court's analysis. *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) ("[O]ur focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not whether the state court considered and discussed every angle of the evidence.") (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc )); *see also Nicely v. Mills*, 521 F. App'x 398, 403 (6th Cir. 2013) (considering evidence in the state court record that was "not expressly considered by the state court in its opinion" to evaluate the reasonableness of state court's decision). Relatedly, in evaluating the reasonableness of a state court's ultimate legal conclusion under § 2254(d)(1), a court must review the state court's decision based solely on the record that was before it at the time it rendered its decision. *Pinholster,* 563 U.S. at 181. Put simply, "review under § 2254(d)(1) focuses on what a state court knew and did." *Id*. at 182.

**Ineffective Assistance of Counsel due to the Failure to File a Motion to Suppress**

This Court previously recommended the dismissal of Petitioner's claim of the denial of the effective assistance of counsel based on his attorney's failure to file a motion to suppress

evidence as without merit. (*Report and Recommendation*, ECF No. 8, PAGEID # 440-45.)

Petitioner filed no objections to that recommendation. Additionally, while represented by

counsel, he has provided no new arguments regarding this claim. He states that he does not

pursue this issue here. *See Petitioner's Response/Traverse to Respondent's Answers to Petitions

for Writ of Habeas Corpus* (ECF No. 18, PAGEID # 355.) The Court therefore will not now

again address this claim.

For the reasons previously detailed, (*Report and Recommendation*, ECF No. 8, PAGEID

# 440-45), this claim plainly lacks merit. Petitioner has failed to establish the denial of the

effective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*,

466 U.S. 668 (1984), based on his attorney's failure to file a motion to suppress evidence.

**Denial of Counsel of Choice**

Petitioner asserts that the trial court violated his Sixth Amendment right to retain counsel

of his own choosing as a result of a breakdown in the attorney-client relationship.

The state appellate court rejected this claim:

> [A]ppellant asserts the trial court erred in refusing his request to
> obtain new counsel. By way of background, on the morning of the
> first day of trial, prior to the jury being impaneled, defense counsel
> informed the trial court that she believed appellant no longer wanted
> her representation. Appellant cites the following portion of the trial
> transcript involving a colloquy between defense counsel, the trial
> court, and appellant:
>
> [DEFENSE COUNSEL]: And also, my client—I don't think he
> wants me to represent him, but—
>
> THE COURT: Mr. Griffin, do you want to put something on the
> record?
>
> DEFENDANT GRIFFIN: Yes. I don't think she's working on my
> behalf, sir, so I do want somebody else on it that I feel is—if I'm
> going to put money on it, too, that they're going to be working on

my behalf. And I don't see anything that she's doing for me. She's like lack of communication to me.

Since May 20th she said she was going to come see me, and to this date the first day I ever seen her. She didn't come down one time to see me, so I've got to get somebody on my case that's going to work for me in my behalf and win this case. I don't think she's good enough for me.

Thank you.

THE COURT: Well, the answer is no.

(Tr. 4–5.)

Appellant asserts the trial court failed to address his concerns, arbitrarily refusing his request for new counsel and proceeding with trial. Appellant argues that the trial court's action violated his right to counsel of choice under the Sixth Amendment.

In response, the state contends the record indicates that appellant, although initially able to retain private counsel, was in fact indigent. The state cites to appellant's "Ex Parte Motion for Investigative Fees," filed with the trial court on May 14, 2012, and the accompanying memorandum in support, in which appellant represented he was unable to hire an investigator because he was indigent. The state also notes that the trial court declared appellant indigent and provided him with appointed counsel for purposes of appeal.

In general, "[t]he right to counsel of one's choice is an essential element of the Sixth Amendment right to have the assistance of counsel for one's defense." *State v. Frazier*, 8th Dist. No. 97178, 2012–Ohio–1198, ¶ 26, citing *State v. Keenan*, 8th Dist. No. 89554, 2008–Ohio–807. This includes the right, when a defendant has the ability to retain his own attorney, to be represented by counsel of choice. *United States v. Gonzalez–Lopez*, 548 U.S. 140, 144 (2006). However, the right to retained counsel of choice "is not absolute, * * * and courts have 'wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.'" *Frazier* at ¶ 26, citing *Gonzalez–Lopez* at 152. In this respect, a trial court's "difficult responsibility of assembling witnesses, lawyers and jurors for trial 'counsels against continuances except for compelling reasons.'" *State v. Howard,* 5th Dist. No.2012CA00061, 2013–Ohio–2884, ¶ 40, quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983). Accordingly, "decisions relating to

the substitution of counsel are within the sound discretion of the trial court." *Frazier* at ¶ 26, citing *Wheat v. United States*, 486 U.S. 153, 159 (1988).

Further, "when the timing of a request for new counsel is an issue, a trial court may make a determination as to whether the appellant's request for new counsel was made in bad faith." *Frazier* at ¶ 27, citing *State v. Graves*, 9th Dist. No. 98CA007029 (Dec. 15, 1999). It has been held that "[a] motion for new counsel made on the day of trial 'intimates such motion is made in bad faith for the purposes of delay.'" *Id.*, quoting *State v. Haberek*, 47 Ohio App.3d 35, 41 (8th Dist.1988).

The record on appeal in this case lends support to the state's contention that appellant was indigent at the time of trial. In his motion for investigative fees, filed several months before trial, it was represented by appellant that, although his "extended family * * * retained Attorney Wonnell * * * Mr. Griffin is indigent, and the family does not have money to retain an investigator." As noted by the state, at the time of trial appellant did not indicate he had been in contact with (or that he had secured) new retained counsel, nor did he request a continuance in order to hire a new attorney of his choosing. As also noted by the state, the trial court determined that appellant was indigent for purposes of appeal, appointing counsel to represent him. Upon review, the record does not indicate the trial court denied appellant the right to retained counsel of choice; rather, in responding to appellant's claimed dissatisfaction with trial counsel, the court in essence was addressing a request for new appointed counsel.

A defendant "bears the burden of demonstrating grounds for the appointment of new counsel." *State v. Erwin*, 10th Dist. No. 09AP–918, 2010–Ohio–3022, ¶ 8. Thus, "[i]f a 'defendant alleges facts which, if true, would require relief, the trial court must inquire into the defendant's complaint and make the inquiry part of the record.'" *Id.*, quoting *State v. Smith*, 4th Dist. No. 98CA12 (Dec. 29, 1998). This inquiry "may be brief and minimal," but "must be made." *Id.* However, " '[e]ven that limited judicial duty arises only if the allegations are sufficiently specific; vague or general objections do not trigger the duty to investigate further.'" *Id.*, quoting *Smith*.

In the instant case, appellant's dissatisfaction with his present counsel was stated in general terms. Specifically, appellant told the trial court: "I don't think she's working on my behalf * * * I don't see anything that she's doing for me." (Tr. 5.) While trial courts have an obligation to make some inquiry into a defendant's

dissatisfaction with counsel, reviewing courts require a defendant to raise concerns about counsel "with sufficient specificity to warrant further investigation." *State v. Washington*, 1st Dist. No. C–000754 (Aug. 17, 2001) ("A trial court, without more, does not abuse its discretion in finding that a general allegation of unhappiness with appointed counsel is so vague that it does not require additional investigation"); *State v. Hawkins*, 8th Dist. No. 91930, 2009–Ohio–4368, ¶ 54 (Defendant's statement to judge that "he felt like his lawyers were 'not going to fight for him to the fullest extent'" not sufficiently specific to trigger court's duty to inquire further).

Here, while the trial court did not conduct a lengthy inquiry, it nonetheless permitted appellant to address the court and explain why he was unhappy with his counsel. As noted, appellant's dissatisfaction with counsel was expressed in general terms. The record on appeal, however, does not reflect that trial counsel was unprepared to proceed with trial, nor does it suggest such a breakdown in the attorney-client relationship that appellant failed to receive adequate representation. In sum, appellant "did not establish a complete breakdown in communications with counsel or 'good cause' to substitute counsel." *State v. Williams*, 99 Ohio St.3d 439, 2003–Ohio–4164, ¶ 55. *See also State v. Coleman*, 2d Dist. No. 19862, 2004–Ohio–1305, ¶ 25, citing *State v. Gordon*, 149 Ohio App.3d 237, 241, 2002–Ohio–2761 (1st Dist.) ("mere hostility, tension and personal conflicts between attorney and client do not constitute a total breakdown in communication if those problems do not interfere with the preparation and presentation of a defense").

Moreover, appellant's complaint regarding his counsel was not made until the first day of trial, and therefore would have necessitated a continuance of trial. While not entirely clear, the record suggests this was the first time the trial court was made aware of any dissatisfaction by appellant with counsel. Under Ohio law, "the right to counsel must be balanced against the court's authority to control its docket, as well as its awareness that a 'demand for counsel may be utilized as a way to delay the proceedings or trifle with the court.'" *State v. Mizell*, 1st Dist. No. C–070750, 2008–Ohio–4907, ¶ 26, quoting *State v. Crew*, 8th Dist. No. 86943, 2006–Ohio–4102, ¶ 17. Upon review, the trial court did not abuse its discretion in refusing to delay appellant's trial based upon his untimely, generalized complaints regarding counsel. Accordingly, the first assignment of error is without merit and is overruled.

*State v. Griffin*, 2013 WL 6506888, at *1-4.

Petitioner now refers to new off-the-record evidence in support of this claim, that he submitted in connection with the filing of a motion to withdraw his guilty plea in State Criminal Case No. 12-CR-2434. However, *Cullen v. Pinholster*, 563 U.S. 170 (2011) precludes this Court's consideration of those documents in determining whether the state appellate court unreasonably applied federal law under the 28 U.S.C. § 2254(d)(1) so as to warrant him relief. *Id*. at 182. In conducting the § 2254(d) inquiry, this Court is limited to the record that was before the state appellate court when it adjudicated Petitioner's claim. *See Torres v. MacLaren*, 184 F.Supp.3d 587, 591 (E.D. Mich. 2016) (citing *Pinholster*, 563 U.S. at 181); *Lynch v. Hudson*, No. 2:07-cv-948, 2011 WL 4537890, at *4 (S.D. Ohio Sept. 28, 2011) (citing *Pinholster*, 563 U.S. at 180-81). "*Pinholster* made clear that federal habeas review of state court decisions adjudicated on the merits must be 'backward-looking' and focused 'on what a state court knew and did' at that time." *Lovell v. Duffey*, 545 F. App'x 375, 838 (6th Cir. 2013) (citing *Pinholster*, at 181-82. "[W]here a federal habeas court is conducting a 'look through' to the state trial court's factual determinations, '*Pinholster* does not bar the district court from re-creating, if it can, the record that the state trial court had before it[.]'" *Id*. at 384 n.1 (citing *Register v. Thaler*, 681 F.3d 623, 627 & n.14 (5th Cir. 2012)). Thus, this Court may only consider those documents that were a part of the state court record in the underlying criminal charges in this case. That record, as it has now been supplemented, does include pertinent evidence that was not previously a part of the record before this Court. Moreover, in view of this supplemented record, this Court no longer concludes that the state appellate court's decision was based on an unreasonable determination of the facts under § 2254(d)(2) so as to permit expansion of the record for a *de*

*novo* review of Petitioner's claim,[8] or consideration of Affidavits that he has previously submitted in support or other documents not a part of the state court record in this case at the time of the adjudication of his claim.

The docket indicates that, on February 15, 2012, Petitioner entered a Plea of Not Guilty. (ECF No. 18, PAGEID # 377.)  On March 6, 2012, Attorney Wonnell filed a Notice of Substitution of Counsel, replacing Lumomba McCord as counsel of record.  (ECF No. 6-1, PAGEID # 95.)  Attorney Wonnell filed a request for a Bill of Particulars and motion for discovery.  (ECF No. 18, PAGEID # 377.)  On March 23, 2012, the prosecutor filed the discovery and a notice of intention to use evidence.  On (PAGEID # 376.)  On May 14, 2012, Petitioner appeared in the trial court with counsel for a continuance of the scheduled trial date. *Transcript* (ECF No. 46, PAGEID # 1032.)  At that time, the prosecutor indicated that Petitioner had rejected the State's plea offer of eight years in prison "to wrap up all four cases."  (PAGEID # 1033.)  The State's plea offer would involve a sentence of three to twelve years, with a three year mandatory term.  (PAGEID # 1034.)  The trial court advised the Petitioner that, if he went to trial on his first two cases, he was looking at a term of "at least ten years" and up to 28 years in prison.  (PAGEID # 1036.)  The trial court also denied counsel's request for Petitioner to be released to his father, in part, because three of the criminal cases against Petitioner had been committed during his release on bond.  (PAGEID # 1037.)  The transcript reflects that Petitioner had been represented by at least two attorneys prior to retaining Attorney Nancy Wonnell as defense counsel.  (PAGEID # 1039.)  On that same date, defense counsel filed an *Ex Parte*

---

[8] *See Neal v. Wolfenbarger*, 57 F. Supp. 3d 804, 818 (E.D. Mich. 2014) ("Where a state court decision is based upon an unreasonable determination of the facts under 2254(d)(2), the Court's review of the underlying claim is then 'unencumbered by the deference the AEDPA normally requires.'") (quoting *Rice v. White*, 660 F.3d 242, 251 (6th Cir. 2012)).

*Motion for Investigative Fees* in state Criminal Case No. 12-CR-470, indicating that Petitioner's

extended family had retained her, but he was indigent, and his family did not have funds to retain

an investigator. (ECF No. 6-1, PAGEID # 96.)[9] On May 21, 2012, Petitioner again appeared in

court with Attorney Wonnell for a continuance of the scheduled trial date. (ECF No. 46,

PAGEID # 1044.) He again requested to be released on bond, disputing the charges against him

in a manner that indicates that he had reviewed at least some of the State's evidence against him:

> Your Honor, may I speak? Okay. Really it's saying that I'm a violent person, but
> really all it is is a he-said/she-said on the felonious assault case. . . .
>
> I have a case record saying that the guy was outside of his car June 5, 2010, at
> 10:50. Then it says on here June 12 at 11:10. It says different days and two
> different times I was charged with that man's car. I do have a DNA test right here
> in front of me. It looks like they got three individuals' DNA mixtures on the gun.
> But it says on here that – the calculation is saying that mine is one out of 800.
>
> So I'm sitting here with no bond on a he-say/she-say case, and might have three
> or four for his hands. My hands or nothing is on that gun. And if it is on there,
> it's one out of 800 chance of saying that it is mine.

(PAGEID # 1047-48.) The trial court again denied the Petitioner's request to be released on

bond:

> You picked up three new cases. I don't give a bond when you're picking up new
> cases.

(PAGEID # 1049.)

Thereafter, on the first day of trial, July 23, 2012, Petitioner requested new counsel,

complaining that Attorney Wonnell had not seen him since May 20, he did not feel that she was

working on his behalf, and he did not think she was good enough for him. *Transcript* (ECF No.

---

[9] The docket records reflect that, on April 2, 2012, the trial court appointed Attorney Wonnell to
represent him in State Criminal Case No. 12-CR-1407. On May 18, 2012, the trial court
appointed Attorney Wonnell to represent Petitioner in State Criminal Case No. 12-CR-2434. On
May 21, 2012, the public defender withdrew, and the trial court appointed Attorney Wonnell to
represent him in state Criminal Case No. 12-CR-1543. (ECF No. 18, PAGEID # 379, 385, 381.)

14-1, PAGEID # 470-71.) The prosecutor had agreed to defense counsel's "counteroffer," and reduced the plea offer to six years "to wrap up all of these cases." (PAGEID #417-72.) The prosecutor at that time indicated that Petitioner faced up to 34 years in prison. However, Petitioner again rejected the government's plea offer of 6 years, including credit for approximately six months time that he had already served. (PAGEID # 472-73.)

In view of this record, the state appellate court's decision rejecting Petitioner's claim neither contravened Supreme Court precedent, nor involved an unreasonable application of federal law or facts. The Sixth Amendment right to effective assistance of counsel includes the "right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. at 144 (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988); *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). However, a criminal defendant's right to the attorney of his choice is "circumscribed in several important respects." *Gonzalez-Lopez*, 548 U.S. at 144 (quoting *Wheat v. United States*, 486 U.S. at 159). Significantly, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *Gonzalez-Lopez*, 548 U.S. at 151-52 (citations omitted). A trial court has wide latitude in balancing the right to counsel of choice against the needs of fairness and the demands of its calendar. *Id*.

> [T]he Supreme Court has held that the Sixth Amendment "guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale*, 491 U.S. at 624, 109 S.Ct. 2646. [The Petitioner] therefore, had a right to be represented by the counsel of his choice only if he could afford to hire that counsel, or if that counsel was willing to represent him regardless of his inability to pay.

*Brooks v. Lafler*, 454 F. App'x 449, unpublished, 2012 WL 10923, at *3 (6th Cir. Jan. 4, 2012) (declining to grant habeas relief on the petitioner's claim that the trial court violated his Sixth

Amendment right to counsel when it denied his request for new counsel without inquiry). "The Sixth Amendment does not guarantee the defendant a 'meaningful relationship' with his attorney." *Clark v. Sheets*, No. 2:08-cv-1018, 2010 WL 3522390, at *6 (S.D. Ohio Sept. 8, 2010) (citing *Morris v. Slappy*, 461 U.S. 1, 14 (1983)). "[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Maddox-El v. McKee*, No. 1:07-cv-11349-BC, 2012 WL 1019166, at *7 (E.D. Mich. March 26, 2012) (citations omitted). "[A]n indigent defendant, while entitled to adequate representation, has no right to have the Government pay for his preferred representational choice." *Luis v. United States*, -- U.S. --, --, 136 S.Ct. 1083, 1089 (2016). The Supreme Court has made clear that an indigent defendant has no right to his counsel of choice. *Cantoni v. Leclair*, No. 12 Civ 4353, 2015 WL 518226, at *2 (S.D.N.Y. Feb. 9, 2015) (citing *Montejo v. Louisiana*, 556 U.S. 778, 784 (2009) (internal citation omitted). "Thus, defendants who rely on court-appointed counsel. . . 'do not have a veto over who is appointed to defend them, provided that appointed counsel's representation is adequate.'" *Id*. (citation omitted).

> [C]ourts that have considered the issue have concluded that "[u]nless [a defendant] can establish an ineffective assistance claim under *Strickland v. Washington* . . . any error in the [trial] court's disposition of [the defendant's] motion for appointment of substitute counsel is harmless." *United States v. Graham*, 91 F.3d 213, 217 (D.C. Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)); *see also, United States v. Calderon*, 127 F.2d 1314, 1343 (11th Cir. 1997); *United States v. Zillges*, 978 F.2d 369, 372–73 (7th Cir. 1992); Bowie v. Renico, No. 00–10013, 2002 WL 31749162, at *11 (E.D. Mich. Nov. 6, 2002) (Lawson, J.); *Stephens v. Costello*, 55 F.Supp.2d 163, 172 (W.D. N.Y. 1999). As the Supreme Court has explained, "those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624 (1989). Because, as explained below, petitioner was not deprived of the effective assistance of counsel, he has "no cognizable complaint."

*James v. Lafler*, No. 2:09-cv-10929, 2010 WL 3702629, at *16 (E.D. Mich. Aug. 3, 2010).

The state appellate court found that Petitioner was indigent, and unable to retain his own attorney. The appellate court also found that the record did not indicate that counsel was unprepared or that Petitioner received inadequate representation. Petitioner has failed to rebut the presumption of correctness of these factual findings. 28 U.S.C. § 2254(e). Further, Petitioner waited until the first day of trial to make his request for new counsel. This would have been his third attorney on the case. He did not state that he intended to retain another attorney, and the trial court had no reason to believe that Petitioner could do so because Petitioner had previously indicated that he was indigent, and had been appointed counsel in the three other pending criminal cases against him. Additionally, Petitioner had seen his attorney in court on at least two prior occasions, rejected two plea offers from the State, and during that time had expressed an understanding of the charges and evidence against him. Despite having had an opportunity to do so, Petitioner did not previously request the appointment of new counsel, or indicate that he was attempting to hire another attorney. Under these circumstances, this Court cannot conclude that the state appellate court's determination that "the trial court did not abuse its discretion in refusing to delay [Petitioner's] trial based upon his untimely, generalized complaints regarding counsel" constitutes an unreasonable determination of the facts in light of the evidence presented or that Petitioner has established that the state appellate court's decision denying this claim warrants relief under the provision of 28 U.S.C. § 2254(d).

**Recommended Disposition**

For the foregoing reasons, the Undersigned **RECOMMENDS** that these actions be **DISMISSED.**

Petitioner's request for an evidentiary hearing is **DENIED**.

The *Opinion and Order* granting Petitioner's *Second Motion to Expand the Record* hereby is **VACATED**, and the motion for expansion of the record (ECF No. 17) is **DENIED**.

Respondent's *Objection* (ECF No. 27) is **DENIED**, as **MOOT.**

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

_s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge