**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CALVIN GRIFFIN,**

    **Petitioner,**

    **v.**

**WARDEN, NOBLE
CORRECTIONAL INSTITUTION,**

    **Respondent.**

        **CASE Nos.  2:14-cv-857 and 18-cv-839
        JUDGE ALGENON L. MARBLEY
        Chief Magistrate Judge Elizabeth P. Deavers**

**OPINION AND ORDER**

On May 6, 2019, the Magistrate Judge issued an Order and Report and Recommendation denying Petitioner's request for an evidentiary hearing, vacating the Opinion and Order granting Petitioner's Second Motion to Expand Record, denying the motion for expansion of the record, and recommending that this consolidated petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed.  (ECF No. 67.)  Petitioner has filed an Objection to the Magistrate Judge's Order and Report and Recommendation.  (ECF No. 72.)  Respondent has filed a Response.  (ECF No. 75.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review.  For the reasons that follow, Petitioner's Objection (ECF No. 73) is **OVERRULED**.  The Report and Recommendation (ECF No. 67) is **ADOPTED** and **AFFIRMED**.  This consolidated petition for a writ of habeas corpus is hereby **DISMISSED**.

The Court **GRANTS** the certificate of appealability, in part.

On July 16, 2014, Petitioner filed his first habeas corpus petition in Case Number 2:14-cv-00857, challenging his underlying criminal convictions after a jury trial in the Franklin County Court of Common Pleas, Criminal Case No. 12-CR-470, on carrying a concealed weapon, improperly handling a firearm in a motor vehicle, and possession of cocaine.  The trial

court separately found Petitioner also guilty on having a weapon under disability. Petitioner asserted that the trial court had improperly refused to appoint him new counsel or conduct a hearing on his request for new counsel, and that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress evidence.[1] After the appointment of counsel, on March 28, 2017, Petitioner filed in the state trial court a motion to withdraw his guilty plea and reinstate plea offer based on an alleged conflict with his attorney and his attorney's performance during plea negotiations, arguing that the trial court should reinstate the government's prior plea offer for six years to resolve all charges that had been filed in four separate state criminal cases against him, including the charges in State Criminal Case No. 12-CR-470.[2] (*See Notice of Filing*, ECF No. 32.) He filed the motion to withdraw guilty plea in State Criminal Case No. 12-CR-2434, which involves his underlying conviction pursuant to his August 10, 2012, guilty plea in the Franklin County Court of Common Pleas on felonious assault with a shooting from a car specification. (ECF No. 49.) This Court issued a stay pending resolution of that action. (ECF No. 33.) Upon exhaustion of those proceedings, on July 9, 2018, Petitioner filed an Amended Petition challenging his August 10, 2012, guilty plea on felonious assault with a shooting from a car specification, asserting that he had been denied the effective assistance of counsel during plea negotiations. At the direction of the Court, on August 13, 2018, Petitioner filed a new and separate habeas corpus action in Case Number 2:18-cv-00839, on that charge. He also submitted a Second Amended Petition for Habeas Corpus Relief (ECF No. 51) in habeas corpus Case Number 2:14-cv-00857, adding a claim of the denial of the

---

[1] Petitioner has withdrawn his third claim for relief. (*See Second Amended Petition for Habeas Corpus Relief*, Case No. 2:14-cv-847, ECF No. 51.)

[2] *See State v. Griffin*, 10th Dist. No. 17AP-492, 2018 WL 333002 (Ohio Ct. App. Jan. 9, 2018) (summarizing the procedural history and affirming the trial court's denial of Petitioner's motion to withdraw guilty plea).

effective assistance of counsel based on a conflict due to a break-down in the attorney-client relationship, and the denial of the effective assistance of counsel during plea negotiations. (See ECF No. 51-1, PAGEID # 1261-66.) The cases have been consolidated for review. On May 6, 2019, the Magistrate Judge recommended dismissal of the claims in habeas corpus Case Number 2:18-cv-00839, as time-barred, and dismissal of the claims in habeas corpus Case Number 2:14-cv-00857 as procedurally defaulted or without merit (noting that Petitioner's amended claims in Case Number 2:14-cv-00857, may also be time-barred). (ECF No. 67.)

Petitioner objects to the dismissal of his challenge to his underlying August 10, 2012, guilty plea on felonious assault with a shooting from a car specification as time-barred. He maintains that he has diligently pursued relief. He argues that, because Ohio does not impose time limits on the filing of a motion to withdraw guilty plea,[3] and the state appellate court addressed the merits of his claim of the denial of the effective assistance of counsel in those proceedings, his claim is timely. Further, and as a result, Petitioner contends, this Court may therefore consider the affidavit and other documents he submitted in connection with his motion to withdraw guilty plea in resolving his claims in these proceedings. Petitioner renews his arguments regarding the denial of the effective assistance of counsel during plea negotiations as establishing a basis for federal habeas corpus relief. He objects to the dismissal of his claim that the trial court unconstitutionally refused to appoint him new counsel or conduct a hearing on his request for new counsel as without merit. Petitioner maintains that he had no opportunity, prior

---

[3] *See State v. Bush*, 96 Ohio St.3d 235, 238 (Ohio 2002) ("Crim.R. 32.1 [] does not prescribe a time limitation. This is not to say that timeliness is not a consideration, however, as an 'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'") (citing *State v. Smith*, 49 Ohio St.2d 261 (1977)).

to July 23, 2012, the first day of trial, to alert the trial court to the purported breakdown in his attorney-client relationship.

These arguments are not persuasive. Under the provision of 28 U.S.C. § 2244(d)(1)(A), the statute of limitations with respect to Petitioner's underlying August 10, 2012, guilty plea on felonious assault with a shooting from a car specification expired on September 11, 2013. Petitioner nonetheless waited approximately four years and ten months, until July 9, 2018, to file his habeas corpus petition on that conviction. The state court's rejection of Petitioner's claim of the denial of the effective assistance of counsel on the merits upon his filing of a motion to withdraw guilty plea does not revive the start-date for the running of the statute of limitations. *See, e.g., Goodballet v. Mack*, 266 F.Supp.2d 702, 705-07 (N.D. Ohio 2003) (The filing of a motion to withdraw a guilty plea does not re-set the running of the statute of limitations). Moreover, and despite his argument to the contrary, the record does not indicate that he acted diligently in pursuing relief, or that equitable tolling of the statute of limitations would be warranted. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (A petitioner is entitled to equitable tolling of the statute of limitations only if he shows that he has diligently pursued his rights and that some extraordinary circumstances prevented his timely filing). Further, and for the reasons detailed in the Magistrate Judge's Order Report and Recommendation, Petitioner has procedurally defaulted his claim of the denial of the effective assistance of counsel during plea negotiations, and the denial of the effective assistance of counsel based on an alleged conflict, as applied to his underlying criminal convictions after a jury trial in State Criminal Case No. 12-CR-470. Notably, *Cullen v. Pinholster*, 563 U.S. 170 (2011), precludes this Court's consideration of any documents not considered by the state appellate court when it addressed the merits of Petitioner's claim that the trial court improperly denied his request for new counsel.

That said, the record has been supplemented to include additional facts that had been a part of the state court record (*see Report and Recommendation*, ECF No. 67, PAGEID # 1404-06), but had not previously been made a part of the record before this Court that show that Petitioner cannot establish that he is entitled to relief. (*See id*. at PAGEID # 1408.)

Therefore, and for the reasons detailed in the Magistrate Judge's Order and Report and Recommendation (ECF No. 67), Petitioner's Objection (ECF No. 73) is **OVERRULED**. The Order and Report and Recommendation (ECF No. 67) is **ADOPTED** and **AFFIRMED**. This consolidated petition for a writ of habeas corpus is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ——U.S. ——. ——, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's challenge to his underlying August 10, 2012, guilty plea on felonious assault as time-barred. The Court therefore **DECLINES** to issue a certificate of appealability on those claims. However, the Court is persuaded that reasonable jurists would debate whether Petitioner's claims of the denial of the effective assistance of counsel during plea negotiations and based on a conflict of interest are procedurally defaulted. Reasonable jurists also could debate whether Petitioner's claim that the trial court improperly failed to appoint him new counsel or conduct a hearing on his request for new counsel should have been resolved differently. Therefore, the Court **GRANTS** a certificate of appealability on these issues.

The Court certifies the following issues for appeal:

1. Did the trial court err in refusing to conduct a hearing or appoint new counsel?

2. Did Petitioner procedurally default his claims of the denial of the effective assistance of counsel during plea negotiations and based on an alleged conflict of interest?

**IT IS SO ORDERED**.

**s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED: August 2, 2019**